Kent, Ch. J.
delivered the opinion of the court. Upon the record now before the court, the material questions that are raised respect the replication. The counsel for the defendant contend it is bad; 1. Because there was no averment that the award was in writing, or ready to be deliv *325 ered; 2. Because tbe award set forth orders matters to be done that were not in tbe submission; 3. Because tbe award is not mutual, as tbe plaintiff’s deed was to contain a reservation, and as bis general release was not to be made till tbe defendant bad performed tbe award on bis part; 4. Because tbe assignment of breaches was void, inasmuch as part of tbe matter assigned was void ; and that only one breach ought to have been assigned, and that should have been in tbe declaration. Tbe first objection is without foundation. Tbe award is stated to be “ in tbe form following,” and in tbe body of it, as set forth, there is a reference to tbe date of it. It must, therefore, be intended to be in writing, as tbe circumstances which are averred necessarily imply it; and it appears from tbe case of Reusby v. Manning, Carth. 159, 3 Mod. 333, that an award may be so intended, although the fact be not specially stated. It may further be added, that the replication is, in this respect, agreeable to an approved precedent in 3 Ld. Baym. 106. But if '"this omission was to be deemed an imperfection in pleading, it would be cured by the defendant’s rejoining over, and thereby admitting an award in form. Com. Dig. tit. Pleader, C. 85. Nor was it requisite to aver that the award was ready to be delivered. This is also intended, and is implied in the allegation that it is made. If the fact were otherwise, it would be incumbent on the defendant to show specially that the award was not ready.(a) Bradsey v. Clyston, Cro. Car. 541; Carth. ubi sup. Marks v. Marriot, 1 Ld. Baym. 114.
The next question is of more importance, and relates to the merits of the defence. The submission was of sundry controversies, touching the division fences between the *326 farms of tbe parties, and touching sundry roads and paths, claimed by each, and touching sundry other matters. The award, among other things, orders the defendant to convey to the plaintiff a certain piece of salt meadow; but it is described as known by the name of Peter Alaire’s road, and that it runs through the land and meadow of the plaintiff, and contains sixty-six square rods. It is apparent, then, that the meadow here mentioned must be one of the roads, or paths, referred to in the bonds of submission, as it has the name and quality of a road or path ; and although the release of it concerns the realty, and transfer land, yet that was the very matter submitted. A controversy concerning a road or path, may perhaps, in strict technical language, relate only to an incorporeal hereditament, or right of way, but in common parlance it will equally refer to a claim to the soil. In arbitration bonds, which are to be liberally expounded, and, as in the present case, refer to divers other matters not named, it would be considering the words too curiously to confine them to the first construction. The parties were also, by the award, to exchange with each other, small strips of land of one and two rods square. These strips must be viewed as connected with the subject of the division fences, and to have been part of that controversy, as the award states that they arose on the settlement of the division fence. We do not perceive anything in the award that may not be included, even in the subject matters of the controversy specially submitted, except it be that part of the award which directs general releases. But the submission is “ touching divers other matters," as well as those particularly mentioned. The word's used are operative and equivalent to a general submission of all questions and controversies between the parties. They are used as forming an independent *part of the submission, and it is impossible not to perceive that the parties intended b.y them, to embrace different and more general matter than that which had already been specified. Questions concerning real *327 property may be submitted without being specifically named. A submission of all demands includes questions concerning real as well as personal property. Marks v. Harriot, 1 Ld. Raym. 114. The law does not now require a a specific submission as to one kind of property more than as to the other. The r.ule, in an analogous case, in the construction of deeds, is, that if a general clause be followed by special words which accord with the general clause, the deed shall be construed according to the special matter; but that if a deed contain special words, and conclude with general words, the general as well as the special words shall stand, for generalis clausula non porrigitur ad ea quae antea specialiter sunt comprehensa. Edward Altham's Case, 8 Rep. 154, b. But if the submission was not to be construed beyond the special matter, yet the release, though general in terms, would be held to enure only to the matter submitted, and as no other differences between the par ties have been shown, no other are to be intended. Simon v. Gavil, 1 Salk. 74. Sill v. Thorn, 2 Mod. 309. Pickering v. Watson, 2 Bl. Rep. 1117. Keen v. Goodwin, Bunb. 250. Stephens v. Mathews, cited Ld. Raym. 116. So that even, in this view of the question, the award is good.(a)
Another objection to the award is, that it wants mutuality. It is not requisite that the same acts, in the same unqualified manner, should be awarded on each side to render the award mutual.(b) The reservation, in the plaintiff’s deed to the defendant, might have been the ground of one of the questions, controverted, and it may have been proved to the satisfaction of the arbitrators, (and so we are to intend,) that the plaintiff had a valid claim to the right of way so reserved. If an award puts a final end to the controversy, and awards mutual releases, there is no ground for the objection that it is not mutual. Bacon v. Dubarry, 1 Ld. Raym. 246, the second point. Kyd on Awards, 148, 149, The objection that the defendant is first to perform and execute on his part, before the plaintiff is to execute the general release, was also raised in the case of Maries v. Marriot, and there overruled because the defendant’s release would not be construed to deprive him of his remedy on the bond, if the plaintiff should refuse to perform on his part, and because other matter, as is the case here, was awarded to be done by the plaintiff, without being dependent on the *releases. None of the objections to the award appear, therefore, to be valid.
The last point made by the defendant is on the assignment of the breaches. It was urged that the plaintiff could not regularly assign breaches in the replication when the declaration was in debt for the penalty, and that if the plaintiff intended to go for damages, he ought to have brought his suit in covenant. We apprehend, however, that the practice is too well settled to be now shaken by this objection. The plaintiff may, perhaps, pursue either mode at his election. He may declare in debt for the penalty, and assign breaches at the same time in his declaration, as was done in the cases of Goodwin v. Crowle, Cowp 357. Drage v. Brand, 2 Wils. 378, and Roles v. Rosewell, 5 D. & E. 538, or he may declare simply in debt for the penalty, and leave the assignment of the breaches till the replication, where he must assign them, if the nature of the plea demand it. This course was pursued in the cases of The African Company v. Mason, 10 Mod. 227. Cornwallis v. Savery, 2 Burr. 772. Cooke v. Colcraft, 3 Wils. 380. Shum and others v. Farrington, 1 Bos. & Pull. 640, and Strange and others v. Lee, 3 East, 484. It is to be observed that all these last cases are upon bonds with conditions for the performance of covenants, and the former cases arise upon articles of agreement with a penalty. In the case of bonds *328 therefore, it seems to be the uniform course to declare simply for the penalty, taking no notice of the condition, and to leave the assignment of breaches to arise afterwards, in consequence of the plea. Lord Coke, (10 Rep. 94, a.) cites an instance as early as Ed. IV. of this mode of declaring, and assigning a breach on an obligation with a condition. But it is further objected, that the plaintiff, as he declared in debt for the. penalty, ought to have, assigned only a single breach. This was the common law rule, because a single breach worked a forfeiture of the penalty, and the assigning of two breaches was considered as rendering the plea double. Cro. Car. 176; 1 Roll. Rep. 112, and the cases of The African Company v. Mason, 10 Mod. 227, and Cornwallis v. Savery, 2 Bur. 772, since the act of W. III. seem to have admitted the same rule. But subsequent cases have adopted a different practice under the act of W. III. and allow of the assignment of double breaches, even in cases where the plaintiff declares in debt for the penalty. This was done in Goodwin v. Crowle, and Drags v. Brand, and also in Hardy v. Bern, cited in 5 D & E. 540, (which were suits for the penaltjq in articles of agreement,) and also in the case of Strange and others v. Lee, which was upón a bond for the performance of covenants. The assignment of double breaches was held, in these cases, to be an election of the plaintiff to proceed under the statute, although he had not named the statute in express words, and which omission is, at any rate, but mere form, and bad only on special demurrer, though we incline to think it altogether unnecessary to have any express reference to the act. It was also held to be compulsory on the plaintiff to proceed under the statute in cases within the provisions of it, and that he must assign the breach of such covenants as he proceeds to receive satisfaction for. Our act is more comprehensive than the English. It reaches to every case of bonds, with any condition other than for the payment of money, and it is in every such case compulsory on the plaintiff to assign *329 breaches, and to have bis damages assessed. Any other construction would defeat, in a degree, the equitable provisions of the statute, and force the defendant into equity for relief.
The rejoinder is manifestly bad. It is no answer at all to one of the breaches assigned, viz. the non-execution of the general release, and as to the other matter set forth, it is a departure from the plea.(a) The estoppel which is relied on, as arising from the recital in a deed executed by the plaintiff, long anterior to the bond of submission, cannot apply. The submission to arbitration, and the award, have put an end to questions and pretensions which before existed, relative to the matters submitted, and the rights of the parties must now be ascertained by the award itself. We are of opinion, therefore, that upon the demurrer in this cause the plaintiff is entitled to judgment.
As to trying the issue in fact, and assessing contingent damages before arguing the demurrer, the practice is settled that the plaintiff has a right to elect to carry the cause down to trial, either before or after the demurrer is determined.
Judgment for the plaintiff.

 Or it appear by the replication to the plea of mil agwd. As where the plaintiff in his reply stated that the award was ready to be delivered to him. Pratt v. Hackett, 6 Johns. Rep. 14. To constitute it an award, it must he signed by all the arbitrators, though they act under a parol submission. Green v. Miller, ib. 39.

 An award by an umpire, stating that he took upon himself the burden of the umpirage, implies that he awarded on the matters submitted. M'Kinstry v. Solomons, 2 Johns. Rep. 57.

 An award that the one party shall pay a certain sum to the other, Is mutual and final, without mentioning a release. M'Kinstry v. Solomons, 2 Johns Rep. 51.

 So to a plea setting forth an award, a rejoinder that the award was not final. Barlow v. Todd, 3 Johns. Rep. 367.

 What shall be deemed a good submission and award, considered in Hays v Hays, 23 Wend. 363. See cases relating to awards in, 22 Wend. 125.