The opinion of the court was delivered by
Tilghman, C. J.
This is an aetion brought by William Peebles, the plaintiff below, and defendant in error, against John Noble, the plaintiff in error, for the penalty of five hundred dollars, in which the parties mutually bound themselves, each to the other, for the performance of such award as should be made by certain arbitrators, to whom were referred “ all business, civil and state, in dispute between the said parties.” Several errors have been assigned, in none of which is there any weight, but one, viz. that the award is void, il because made on matters not submitted to the arbitrators, and because not certain, mutual, and final.” The award, though not well drawn, is sufficiently intelligible. It seems that the plaintiff occupied a piece of land, to which ho claimed title, under a lease from the defendant. The award was, in substance, though awkwardly expressed, that the plaintiff should give up to the defendant the possession of this land, with the crops growing on it, in consideration whereof, the defendant should pay to the plaintiff, as a compensation, the sum of one hundred and fifty-two dollars, sixty-four cents; and that all suits between them, (whether civil, or state suits,} should cease, and the costs be divided equally between them. Here is no want of certainty, or mutuality, and the award is final. Upon payment of the sum awarded, the plaintiff’s claim to the land he occupied would cease, and the defendant was to be put into the-sole possession. It was objected, that state suits could not be compromised. These suits, as was supposed, related to assaults and batteries, and might easily be adjusted, with the consent of both partios. We have an act of assembly, facilitating the settlement of prosecutions of that nature. Awards are to be favoured, as they enable suitors to settle their disputes, in the easiest, cheapest, most expeditious, and most equitable manner. Nothing more is required, than that they should be so drawn, as to make an end of the matters in dispute, and contain nothing contrary to law; and that they should not pass beyond the bounds of the subject submitted. The submission in the pi’esent case, is as wide -as possible, — all business, of whatever hind, in dispute between the parties. It does not appear, that the award comprehended any matters which were not in dispute at the time of the submission. If that had been the case, the defendant should have pleaded it. Instead of this, he demurred to the plaintiff’s replication, in which the award was set forth; so that, the only question was, whether the award was had on its face. If it had appeared, by the award ¡(self, that it was made on matters not submitted, it *323 would have been bad. But no such thing appears, and the court certainly will not suppose it. On the contrary, they will support the award, if possible, because it appears to be just, and equitable. I am of opinion, that it contains every ingredient necessary for a ■good award, and, therefore, the judgment should be affirmed.
Judgment affirmed