LEMAN S. ORCUTT *versus* WILLIAM BUTLER & *al.*

An award may be good in part, and bad in part; and the part which is good will be sustained if it can be so disconnected from the remainder, that no injustice will be done.

An award decided that A. was entitled to the " crops raised on said B's place" the last season, and that he was to have the " privilege" of taking them off: *Held,* that this referred to annual crops, and that A. was entitled to a reasonable time within the year, in which to remove them.

ON FACTS AGREED, from *Nisi Prius.*

This was an action of DEBT on a bond, conditioned to secure the payment of an award of referees.

The facts in the case are stated in the opinion of the Court. If the action could be sustained, judgment was to be for the plaintiff; otherwise a nonsuit was to be entered.

*A. F. Drinkwater,* for plaintiff.

An award at common law is not examinable, except on the ground of corruption, partiality, or *evident excess of power.* *Yarmouth* v. *Cumberland,* 6 Maine, 21. A liberal construction should be given to awards. 8 Mass. 398. It is well settled, that no intendment shall be indulged in to overturn an award, but every reasonable intendment shall be allowed to uphold it. *Karthans* v. *Ferrers & al.,* 1 Pet. 222.

An award, good in part and bad in part, may be sustained as to that part which is good. 6 Maine, 247; 18 Maine, 255.

*Wiswell,* for defendants.

1. The referees exceeded their authority, by deciding on matters not submitted to them. No power was given the arbitrators to determine whether the conveyance made by Orcutt to Wasson was valid, or not.

Wasson was no party to the reference. Kyd on Awards, 140; 10 Mass. 398.

2. The award is void for uncertainty, and by reason of the referees exceeding their powers in other respects.

The referees gave Orcutt the privilege of taking off the crops raised on Butler's farm the previous season.

No time was specified, within which the crops were to be taken off. Com. Dig., Arbitrament, E. 11; Kyd on Awards, 194.

He might, therefore, consult his own convenience about it, to the manifest injury and annoyance of Butler.

This was evidently an assumption of power on the part of the referees, and the acts permitted to be done by Orcutt were not sufficiently certain and specific, provided the referees had the power. *Banks* v. *Adams*, 23 Maine, 259.

"The whole matter was left by the award in a condition to cause further contest and difficulty." Ibid. 260.

By the language of the award, Orcutt was to have the *privilege* of paying the costs, as well as to take off the crops. He might decline, or be unable to avail himself of this privilege.

3. The award could not be performed without a violation of law.

By giving Orcutt the privilege of going on to Butler's farm, of entering his barn and granaries, whenever he saw fit, to take off the crops of the preceding season, they attempted to authorize acts of trespass for which Orcutt would be liable.

APPLETON, J. — The parties, Orcutt and Butler, having agreed to submit " all demands of every description, and all controversies now existing between the parties," to the determination of certain referees, the defendant Butler gave the plaintiff a bond with surety, the condition of which is, " that if the said Butler shall *abide* by the decision of said referees, and *pay all sums* of money that may be awarded against him to the said Orcutt, within thirty days from the publishing of

said award, then this obligation to be void, otherwise to remain in full force and virtue."

The referees awarded that "the said Leman S. Orcutt recover against the said William Butler three hundred and sixteen dollars as damages; said Orcutt to have the privilege of taking off the crops raised on said Butler's place the last season, and to *pay* the costs of reference, taxed at twenty-six dollars and ten cents; the *conveyance heretofore made by said Orcutt to Samuel Wasson is to be valid, the consideration for the same having been allowed to said Butler."*

The award having been duly published, the plaintiff seeks in this action to recover damages for its non-performance. To this the defendants object, on the ground that the referees have exceeded their authority, by embracing in their award matters not submitted, and that consequently the same is void.

The submission is most general in its terms. It includes "all demands of every description, and all controversies between the parties." It was held in *Munroe* v. *Maine*, 2 Caines, 320, that a submission of matters of the realty and of "divers other matters," was equivalent to a general submission of all questions and controversies between the parties, and that under it general releases might be awarded. In *Noble* v. *Preble*, 13 Serg. & Rawle, 319, the Court held that a submission "of all business of whatever kind in dispute between the parties" included prosecutions for assaults and batteries. In the present case it is difficult to perceive what was properly excluded from the consideration of the referees.

It has been determined by a series of decisions that an award may be good for part and bad for part. The Court will sustain the part which is good, if it can be so disconnected from the remainder of the award, that no injustice shall be done. *Banks* v. *Adams*, 23 Maine, 259; *Boynton* v. *Frye*, 33 Maine, 216. "An award," says WOODWORTH, J., *Cox* v. *Jagger*, 2 Cow. 633, "may be good in part and void in part, when the part, which is void is not so connected with the rest as to affect the justice of the case. It is then void only *pro tanto*."

That portion of the award relating to "the conveyance heretofore made" to Wasson, is vague and indefinite. This conveyance is declared valid, "the consideration for the same having been allowed to said Butler." This may have been one of the matters in controversy between the parties and therefore properly considered. But whether that be so or not is immaterial. It is sufficient that there is no connection between this portion and the residue of the award. The damages do not relate to the Wasson conveyance, and are obviously separated from it.

The award clearly and definitely specifies the damages, and costs of reference, for which the plaintiff is entitled to recover. To so much of the award there can be no legal objection.

From the award it would seem that the plaintiff was entitled to the "crops raised on said Butler's place," and that he was to have "the privilege" of taking them off. This obviously refers to annual crops. The plaintiff having the privilege of removing them, is entitled to a reasonable time within the year in which to remove them. If they have been removed and the plaintiff has received them, he has no cause of complaint. If the defendant Butler has prevented the plaintiff from removing them within the year, and has appropriated them to his own use, he is liable in damages for their value.

*Defendants defaulted.*

TENNEY, C. J., and HATHAWAY, MAY and GOODENOW, J. J., concurred.