## THOMAS DAY *versus* EDWARD H. C. HOOPER.

The parties, by an agreement under seal, (not in the statute form,) submitted a controverted matter to arbitrators, who, in addition to damages, awarded costs which were not included in the agreement; although the award, as to costs, was unauthorized, it was good as to the damages ; it being well settled that an award may be good in part, and bad in part, — and, if separable, the good will be affirmed.

Where a deed of land was to be given, when the arbitrators should report the amount to be paid therefor, if the deed conform to the terms of the agreement, it will be sufficient; although the description in the deed, may not define with certainty the boundaries of the land conveyed.

If such a submission contain the condition, that judgment rendered on the report shall be final, and does not provide for the return of the report to some Court, an action of debt may be maintained upon the award.

ON AGREED STATEMENT OF FACTS.

This was an action of DEBT on an award of arbitrators, made by virtue of a written submission entered into by the parties under their seals. The agreement recites that the parties "have agreed and do hereby agree to submit the matter in controversy between us, hereinafter stated, to the determination of (three referees named) and judgment rendered on their report, or that of a majority of them, shall be final."

The other material portions of the agreement are recited

in the opinion of the Court, and the material parts of the award of referees, stated.

The case was argued by

*Fales*, for the plaintiff.

*J. M. Goodwin*, for the defendant, argued, that the agreement, if in other respects valid, was void for uncertainty. The description of the land which each was to have was too uncertain to pass a title. The parties had agreed to quit-claim to each other and thus divide the land in the proportion of two-fifths and three-fifths; separated, by some indefinite unlocated line between them, with no description, bound or other *criteria*, to determine and locate the particular land which each was to have, except the vague statement that each one was to have land next adjoining his homestead. Of what shape each one's land was to be; at what angle it was to intersect the boundary line of the whole parcel, it is impossible to tell from anything stated in the recital of the agreement as contained in the submission.

2. The submission, which is in the form of a statute submission, (except that the Court to which the report is to be made is not specifically named, and the submission is not acknowledged before a justice of the peace,) expressly provides for the judgment to be rendered upon the report or award of the referees. The parties consequently acquire no new rights, the one against the other, until such judgment has been rendered. The liability of the defendant was made to depend, not only on the contingency that the report would be against him, but on the condition that the plaintiff obtained a judgment upon the report. The judgment was to be final; not the report.

The counsel cited and commented on the following cases: *Worthen* v. *Stevens*, 4 Mass., 448; *Kingsley* v. *Bill*, 9 Mass., 198; *Bowers* v. *French*, 11 Maine, 182.

The opinion of the Court was drawn up by

APPLETON, C. J.—The agreement to refer, between these

parties, recites that the plaintiff and defendant "are owners in common and undivided, the said Day of three-fifth parts and the said Hooper of two-fifth parts of a certain lot of land, being the same conveyed to them in the above proportions by deed of William P. Haines, executor of the last will and testament of Sally McIntire; said deed bearing date April 30, 1859, — and the said Day has agreed to convey by deed of quitclaim to said Hooper *the three-fifth parts of said land next adjoining the homestead lot of said Hooper*, and the said Hooper has agreed to convey by deed of quitclaim, to said Day, the two-fifth parts of said lot next adjoining the homestead lot of said Day.— the wives of the said Day and Hooper, respectively, to release dower therein.

"Now the said referees are to determine and award what sum of money (if any) the said Hooper shall pay to the said Day, in consideration of said conveyance to said Hooper, by said Day, of said three-fifth parts of said land; and said referees are also to determine and award what sum of money (if anything) the said Day shall pay to said Hooper in consideration of said conveyance to said Day, by said Hooper, of said two-fifth parts of said land; and the said Day and the said Hooper hereby mutually and severally bind themselves, each to the other, in the sum of one hundred dollars, for the performance of their respective agreements as above written."

This agreement was made under seal. The referees named therein met and heard the parties, and awarded that the defendant pay the plaintiff twenty-five dollars and costs of reference, taxed at fifteen dollars, and make the stipulated conveyance. The plaintiff, after the award was published, made a tender of a deed of "the three-fifth parts next adjoining the homestead of the said Hooper," of the tract conveyed to them by William P. Haines, referred to in the submission, which is particularly described, and concluding as follows :— "meaning and intending hereby to convey to said Hooper that three-fifth parts in quantity of the above describ-

Day *v.* Hooper.

ed land, which lies next adjoining said Hooper's said homestead lot, so that said Hooper may own and hold the said three-fifth parts in severalty."

To the maintenance of this suit various objections are interposed.

(1.) The referees allowed costs when they were not authorized so to do by the submission.

To this extent the referees exceeded their authority, and, so far, their award is void. But nothing is better settled than that an award may be good in part and bad in part— and, when they are separable, the good will be affirmed.

It is insisted, that the deed, which was tendered, is void for uncertainty.

. (2.) The deed conforms to the terms of the submission. The parties agreed what should be respectively conveyed from the one to the other, and the conveyance tendered conforms to that agreement. This is all the defendant can require.

(3.) The submission was not under the statute. It is not acknowledged and does not provide for the return of the report of the referees to any Court. Indeed, it is entirely wanting in all the elements of a statute reference. The parties mutually bind themselves, under seal, each to the other, to abide the award of the referees agreed upon, and no reasons are perceived why they should be relieved from their contracts. It was not necessary, that the report of the referees should be returned to Court. The cases cited, we do not think, are applicable to the case at bar.

*Defendant defaulted.*

RICE, DAVIS, CUTTING, KENT, WALTON and DICKERSON, JJ., concurred.