LYMAN RAWSON *versus* JAMES N. HALL *& al.*

The lien of a mortgagee attaches equally for the debt and for the costs necessarily arising in the enforcement of his rights by a suit at law.

The burden is upon the party objecting to a report of referees to establish the facts upon which he relies.

Where a real action, brought by the assignee of a mortgage against the mortgager and his tenant at will, was referred, together with all matters in dispute between the parties, and the referees reported that, in fixing upon the amount to be paid by the mortgager to enable him to redeem, they took "into consideration the mutual notes and accounts, and claims of said assignee and mortgager against each other;" — *Held,* that it did not appear, from the report, that the sum thus fixed upon was thereby increased rather than diminished; and therefore that the report would not be set aside for that reason.

·ON EXCEPTIONS.

REAL ACTION brought upon a mortgage.

The defendant Benj. Hall disclaimed as to lot No. 5, and claimed title in the remaining lots. James N. Hall justified his possession as tenant at will of Benjamin Hall.

The action was referred, by rule of Court, with all other matters, to certain referees, who heard the parties and made their award as follows : — That the plaintiff have judgment for Intervale Lot numbered five, demanded in his writ, the defendant having disclaimed all right, title, and interest in and to the same; and that we find that the defendants did disseize the plaintiff of the premises demanded, except such

lot numbered five, as alleged in plaintiff's writ, and therefore award that the plaintiff have judgment for the possession of the same, and for costs of reference taxed at one hundred fifty-two dollars, forty-seven cents, and costs of Court to be taxed by the Court. And that we further find that the plaintiff purchased his title to said last mentioned premises at the request of Benjamin Hall, one of the defendants, and that said Benjamin Hall is entitled to a conveyance of the same from the plaintiff, upon payment by him to the plaintiff of the sum of six hundred and ninety-three dollars and sixty-eight cents, provided that the costs above named, shall have been paid before said Benjamin Hall shall be entitled to said conveyance.

In coming to our conclusion as to the amount to be paid by said Benjamin Hall, to entitle him to said conveyance, we have taken into consideration the mutual notes and accounts and claims of said Rawson and Hall against each other, offered in evidence, but have not considered any claims connected with or growing out of said lot numbered five.

To the acceptance of the report of the referees the defendants seasonably filed in writing the following objections:

1. Because the writ in said action contained nothing but a declaration in ejectment founded on a mortgage given by one of the defendants, of which mortgage the plaintiff is the assignee; that, by the rule of Court, all matters between the parties were submitted to said referees; that, in accordance with said rule, matters, accounts and notes other than the mortgage aforesaid were considered by the referees, to wit: mutual accounts and claims between Benjamin Hall and the plaintiff; and that the amount adjudged and reported by said referees in their said report, due from and to be paid by said defendant to the plaintiff on the conditional judgment to be entered on said report, to redeem the premises mentioned in the plaintiff's writ, included other sums, accounts and amounts not mentioned, included in or secured by said mortgage.

2. Because the said referees report and adjudge, that the

said defendant shall not redeem the premises demanded unless they pay costs of reference and costs of Court.

3. Because the referees exceeded their authority in adjudging a conveyance between the parties.

The presiding Judge overruled the objections and accepted the report, *pro forma*, and the defendants alleged exceptions.

*D. Hammons*, for the defendants.

The rule authorized the referees to consider all matters between the plaintiff, on one side, and both defendants, on the other. The report declares that B. Hall is entitled to a conveyance from the plaintiff, upon payment of $693,68, provided the costs of reference and costs of court shall first be paid. They also report that, in arriving at the amount, they took into consideration the mutual notes and accounts, and claims of said Rawson and Hall against each other. This was clearly wrong. *Black* v. *Hickey*, 48 Maine, 545 ; *Butler* v. *Mace*, 47 Maine, 423.

*S. May*, for the plaintiff.

APPLETON, C. J.—This is a real action, brought to recover certain lots in Andover. The demandant claims title by virtue of a mortgage from the tenant, Benjamin Hall, to James Stevens, and an assignment from said Stevens to him.

Benjamin Hall, in his specifications, denies the title of the demandant and sets up title in himself. He further denies the execution of the notes described in his mortgage to Stevens, and alleges that they are paid.

The other tenant, James N. Hall, justifies his possession under Benjamin Hall, and as his tenant at will. The tenants join in pleading the general issue.

This action was referred, with all other matters, to certain referees, who, after hearing the parties, "find that the defendants did disseize the plaintiff of the premises demanded, except lot numbered five, as alleged in the plaintiff's

writ, and therefore award that the plaintiff have judgment for the possession of the same, and costs of reference taxed at one hundred and fifty-two dollars and forty-seven cents, and costs of Court to be taxed by the Court."

The award, thus far, is final and conclusive upon the main issue between the parties. The referees decide that the tenants did disseize the demandant, and award judgment in his favor.

But objections are made to the acceptance of the award because of certain subsequent findings by the referees. An award may be good in part and bad in part. An award will be sustained so far as the same is good, if it can be so disconnected from the remainder that no injustice will be done. *Orcutt* v. *Butler*, 42 Maine, 83.

It is objected that the referees found the amount due the demandant as mortgagee. But, upon recurrence to the brief statement and pleadings, it will be perceived that the real controversy was between the demandant and Benjamin Hall, the other tenant claiming no interest in the demanded premises.

Under the reference of all demands, if the only parties thereto had been the demandant and Benjamin Hall, there can be no question that the referees would have been authorized to determine the amount for which conditional judgment should be rendered. In making their award, the referees say, they did not take into consideration any claims relating to lot No. 5, the title to which is in the tenants. There is no evidence that the referees acted upon any claims but those of the demandant as assignee of the Stevens mortgage, and of such claims as the tenant offered in reduction of the amount due thereon.

To all this the tenant, James N. Hall, could not well object, as he claimed no interest. If this finding of the referees, (for they merely found the amount due to entitle Benjamin Hall to redeem,) is to be regarded as relating to a matter not submitted, it is easily separable from the rest of

the award, which is clear and decisive upon the question in controversy. *Orcutt* v. *Butler, ubi sup.*

The lien of the mortgagee attaches equally for the debt and for the costs necessarily arising in the enforcement of his rights by a suit at law. *Hurd* v. *Coleman,* 42 Maine, 182. It is a claim which the mortgager would be obliged to pay before he would be entitled to redeem.

It is objected that the referees adjudicated upon matters not submitted. This would be somewhat difficult, as all matters in controversy were included in the submission. Upon this subject no proof was offered before the presiding Justice. The burden is upon the party objecting to a report of referees to establish the facts upon which he relies. This he has not done. It no where appears that any injustice has been done. Though the mutual notes and accounts of Rawson and Hall were taken into consideration, it does not appear that thereby the demandant's claim was increased. For aught that appears, it may have been diminished, and of that he cannot complain. Without some evidence tending to show injustice has been done, the report should not be set aside. No valid reasons appear why the report should not be accepted. *Exceptions overruled.*

KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.