## I. A. STANWOOD *vs.* NATHAN O. MITCHELL.

*Referees—power of.*

The plaintiff claimed to be a member of a firm consisting of himself, the defendant, and others; that the profits earned had from time to time been apportioned and paid over by the defendant, as agent and business manager of the firm, to all the members except himself; and that the dividend belonging to him was retained by the defendant. The defendant contended that by the articles of copartnership members were entitled to the profits only in proportion to the assessments paid; that the plaintiff did not pay his assessments for the last year, but that the defendant did pay what the plaintiff should have paid, and claimed the earnings accordingly. The matter in controversy between the parties was submitted to referees, who found that the plaintiff was a member of the firm; that he did not pay, but that the defendant paid for him his assessment for the past year; and awarded that the defendant pay to the plaintiff the balance of the dividend earned by his share after deducting the money paid by the defendant for the plaintiff and certain interest and bonus. On motion to accept the report of the referees, *Held*, that the report be accepted.

ON EXCEPTIONS.

The parties submitted, under R. S. c. 108, the following demand, signed by the plaintiff and annexed to the submission:

"I claim that I am one of the copartners in the firm of N. O· Mitchell & Co., in an ice operation, and as such am entitled to

one-sixteenth of all the property and profits of said firm, and that said profits amount to five thousand dollars, with interest on the same, from the several times when the dividends were made or the money received by said Mitchell on said one-sixteenth.

" I also claim damages of said Mitchell, because he has restrained me, by his actions, from disposing of my interest in said partnership property."

After a hearing, the referees reported that they find " that said I. A. Stanwood was and is a member of the copartnership of N. O. Mitchell & Co., concerned in an ice operation; that he did not put in any capital of his own toward paying the expenses of their operations last winter, but that said Nathan O. Mitchell did pay for him the sum of twelve hundred and fifty dollars; and we allow said Mitchell to retain, on that account, the first dividend of twelve hundred and fifty dollars, made to the members of the copartnership, Aug. 10, 1870, and also allow him, as interest and bonus for advancing the same, the sum of eighty-seven dollars and fifty cents. We also find that said Stanwood was and is the owner of one-sixteenth of all the property of the copartnership as fully paid up. We also find that the net profits of said one-sixteenth arising from the operations of last winter, already divided and received by said Mitchell, were three thousand two hundred and eighty dollars and seventy-eight cents; that interest added thereto, from the times when received, make it amount to $3,322.82; that from this we deduct, as aforesaid, the eighty-seven dollars and fifty cents, interest and bonus for Mitchell's advancement, leaving a balance of $3,235.78 now due from said Mitchell to said Stanwood; and we, therefore, determine and award, and this is our final determination and award in the premises, that said Stanwood shall recover of said Mitchell, three thousand two hundred and thirty-five dollars and seventy-eight cents, as debt, with interest thereon from Dec. 28, 1870, to the rendition of judgment."

The defendant filed the following objections to the acceptance of the report: " That N. O. Mitchell, Enoch Miller, C. A. and J. D. White, John T. Richards, William F. Richards, I. A. Stanwood,

and Josiah Maxcy, of Gardiner, Benjamin Clark, of Pittston, and James S. Barker, of Lynn, Massachusetts, formed a copartnership on the 22d day of January, A. D. 1870, under the firm name of N. O. Mitchell & Co., for the purpose of carrying on the business of procuring ice in the town of Dresden, on premises leased to said Mitchell and one Charles W. Waitt, by Warren Hathorn, for the term of ten years, said Waitt having assigned his interest in said lease to said Mitchell, and said Mitchell having assigned the same to said company; and the said members of said firm severally signed articles of copartnership of that date, in which it was stipulated that in case any of the persons belonging to said company should fail to advance their proportion of the necessary expenses of carrying on the business, then they should be entitled to the profits of the business, only in proportion to what they had paid.

"The company built houses, and carried on the business as proposed, and assessments were made upon the members according to their several shares. But the said Stanwood failed to pay any portion of the expenses or assessments made upon his share, whereupon a contention arose as to said Stanwood's rights and interests in the copartnership and its property; he contending that said Mitchell agreed to advance his assessments for him, and had advanced them; said Mitchell contending that such advancements as he had made, were made for his own interests; that Stanwood had ceased to be a member of said company; that he had forfeited all right to the copartnership property, and that said Stanwood's interest in the copartnership and its property had become the property of said. Mitchell by reason of his advancements; while other members of the company contended that if any forfeiture had occurred, it would inure to the benefit of the company.

"Said Mitchell acted as the agent or business manager of said company, received all assessments paid in, made all purchases and all sales, and received the pay from all sales.

"Prior to the submission, said Mitchell had, at different times, apportioned and paid over to members of the company, portions of the profits accrued, according to their several shares, retaining

and claiming as his own the share which would have been apportioned to said Stanwood, but for said controversy as to his forfeiture ; but no such division or apportionment of profits had been made by action of the company, nor had said Mitchell ever promised to pay said Stanwood any portion of the money so retained in his hands. The affairs of the company had not been fully settled, and have not been yet ; there still being undivided funds in the hands of said Mitchell belonging to the company, aside from funds retained on the said disputed Stanwood share, and there still remains other undivided property belonging to the company, and unadjusted matters."

Wherefore he contends :

1. That the claim made by Stanwood and annexed to the submission, that he was one of the copartners of the firm of N. O. Mitchell & Co., was a question between him and the said firm ; that the parties to this submission had no authority to submit that question, and that the referees had no authority under the submission to determine it.

2. That the claim made by said Stanwood and annexed to said submission, that he, as a member of said copartnership, was entitled to one-sixteenth of all the property and profits of said company, was a claim against said company, which could not be valid unless he was a' member of said copartnership, and therefore the parties to this submission had no authority to submit that question, and the referees had no authority under the submission to determine it.

3. That said referees had no authority under said submission to determine what interests and rights the said Stanwood had or has in or unto any of the copartnership property of the said firm of N. O. Mitchell & Co.

4. That the referees, in determining that said Stanwood is the owner of one-sixteenth of all the property of the copartnership, undertake to determine the title to real estate which they had no authority under the submission to do.

The presiding judge overruled the objections ; whereupon the defendant alleged exceptions.

*E. F. Pillsbury,* for the defendant.

Unless the controversy submitted is one which may be the subject of a personal action between the parties, the submission was unauthorized.

The statute in Massachusetts, providing for the reference of disputes by consent of parties, provides for referring an additional class of cases, namely, such as may be the subject of suits in equity. R. S. Mass. c. 114, § 1.

"The power of arbitrators to make an award upon which a judgment of the court can be rendered, depends wholly on the statute. The jurisdiction of the arbitrators is a special jurisdiction, created entirely by statute, and can be sustained only when the proceedings are within the provisions of the statute." *Henderson* v. *Adams*, 5 Cush. 610.

Claims which can be enforced only by proceedings in equity, cannot be subjects of statute submission. *Butler* v. *Mace*, 47 Me. 423.

Partners can enforce demands against copartners originating on partnership account, only by bill in equity filed for an account. R. S. 1857, c. 77, § 8, clause 6th; Collyer on Partnership, 143-7, 153; *Fanning* v. *Chadwick*, 3 Pick. 423; *Holyoke* v. *Mayo*, 50 Me. 385.

The only exception to this rule is in regard to the recovery of balances due upon a full and final settlement, and balances upon special items admitted correct and payment promised.

Final balances agreed upon, the copartnership having been dissolved, its accounts and liabilities settled and discharged, and where the judgment will be an entire settlement of the partnership transactions, may be recovered by action in form of contract. *Fanning* v. *Chadwick*, 3 Pick. 423; *Haskell* v. *Adams*, 7 Pick. 59; *Williams* v. *Henshaw*, 11 Pick. 79; *Chase* v. *Garvin*, 19 Me. 211; *Holyoke* v. *Mayo*, 50 Me. 385.

When partners have separated one partnership transaction from the rest and adjusted it, and thereupon a sum be found due from one to the other, a promise to pay it will be binding, and an action will lie thereupon, although the rest of the affairs remain unadjusted; but "no promise is implied between partners to pay each

other in a partnership transaction," and "no action lies by either in such a case, unless the transaction has been settled and a promise of payment made." *Holyoke* v. *Mayo*, 50 Maine, 385 ; *Gibson* v. *Moore*, 6 N. H. 547 ; *Wright* v. *Cobleigh*, 1 Foster, 339.

When this submission was made there had been no final adjustment of the affairs of the copartnership ; no dissolution of the copartnership, nor any " final balance " found due to any members of it. Nor had the members of the company made any separation of any one partnership transaction or item, and adjusted it and found a balance due to any member. Mitchell had apportioned and paid over to members, at different times, portions of the profits accrued, except Stanwood ; but it was upon his own individual responsibility, and subject to revision and change by the company. Practically it was the same as if he had loaned certain amounts of money to some of the members of the company until a final adjustment of the company accounts. He was responsible to the company for every dollar he received of its funds, and not to individual members of it. Suppose he had made advance payment to but one or two of the members and claimed to hold all the remainder as his own ; would that have authorized the other individual members to maintain personal actions against him for their shares ? Retaining the funds of the company, and claiming it as his own, could not change the company's rights nor his liability to it. "No such division or apportionment of profits had been made by action of the company," and hence, no admission of its correctness, and no adjustment by the company.

Mitchell's action in withholding payments to Stanwood was equally the action of the company, and Stanwood's claim would be against the company still, and not Mitchell. But the company had not made any such division of profits. Again, Mitchell had never promised to pay any portion of the money in his hands to Stanwood, and as no promise can be implied between partners in a partnership transaction, Stanwood's claim at the time of submission could not have been the subject of a personal action. His only remedy was by bill in equity, not against Mitchell, but against the company.

He could not have maintained such an action against Mitchell if he and Mitchell had constituted the entire company. How much less the right to do so when he and Mitchell are but two members of a copartnership consisting of ten.

All moneys collected by Mitchell in the company operation belonged to the company. He was merely the pocket of the company, so far as holding the money was concerned. The company had a right to control the money, revise his action, and adjust all matters between the company and its individual members and outside persons or parties.

Two of the ten members of the copartnership could not refer such a question. Mitchell does not sign the submission as agent of the company, but as an individual. Stanwood claims to be a member of the copartnership, and, "as such," to be entitled to one-sixteenth of the "property and profits of said firm," and he and another individual member of the firm submit that question to referees. The company cannot be bound by any such action. The submission embraces and the award embraces "all the property" as well as profits of the firm, including, of course, the tools, lumber, materials, implements for cutting ice, etc. Mitchell had not appropriated or interfered with it in any manner other than to put it to its appropriate use for the company, as the company's agent.

An award to be valid must make a final disposition of the matters embraced in the submission. *Colcord* v. *Fletcher*, 50 Maine, 398; *Cornochan* v. *Christie*, 11 Wheat. 446; *Akely* v. *Akely*, 16 Vt. 450.

A judgment upon this award would not be a bar to a suit in equity, by any member of the company, upon all the matters embraced in this submission. The case shows that other members of the company claimed that if Stanwood had forfeited his interests in the copartnership, the forfeiture inured to the benefit of the company; and the case further shows that no final settlement of the affairs of the company has been made, no action of the company apportioning dividends, no company indorsement of Mitchell's apportionment, and no action of the company participating in this

submission.  The company may be able to show that Stanwood's assessments were not advanced at all.  If it should be determined in a court of equity that Stanwood had forfeited his interest, and that it inured to the benefit of the company, Mitchell would be obliged to pay over to the company, and payment of this award would be no protection to him.

It may turn out, upon final settlement of the affairs of the company, that there are outstanding debts unpaid, and that Mitchell's apportionment was more than the profits really were.

A judgment upon this award would not be a final disposition of the matters embraced in the submission.  It would not even bar Stanwood himself from sustaining a bill in equity against his co-partners, to adjust all the affairs of the copartnership, and to account to him for his legal interest in all its property and profits.

The company held a lease of real estate for ten years.  The claim submitted was for one-sixteenth of "all the property," and the award determines that Stanwood "was and is the owner of one-sixteenth of all the property of the copartnership, as fully paid up."  This embraces the interest in real estate.  All the property of the company must include the whole.  It does not name personal property any more than it does the real, and there is as much propriety in contending that the term "all the property of the copartnership" does not embrace the personal, as there is in contending that it does not embrace the real estate.

It is the settled construction of the statute under which this submission was made, that a submission under it cannot authorize a decision upon the title to real estate.  *McNear* v. *Bailey*, 18 Maine, 251.

*A. Libbey*, for the plaintiff.

APPLETON, C. J.  The plaintiff claims to be a partner of the firm of Nathan O. Mitchell & Co., a firm composed of the parties to this suit and others, and engaged in the ice business; that his interest in the same is one-sixteenth; that dividends have been

made of the profits, and that the dividend belonging to him is in the hands of the defendant.

The parties agreed to submit the matters in controversy to two very intelligent referees, whose report determining the questions submitted was offered and accepted.

It has been argued by the learned counsel for the defendant, with great ingenuity as well as ability, that this submission involves the settlement of a partnership account; that partnership matters can only be settled by bill in equity; that the plaintiff's claim is not "the subject of a personal action," and, therefore, not a matter which can be referred under R. S. c. 108, § 1.

But the claim in this case is not by one partner against the other members of the firm. It does not involve the liquidation or adjustment of partnership affairs. The other members are no parties to this controversy. All the plaintiff seeks is to recover his proportional share of the profits which have been earned, "apportioned, and paid over" to all the members of the company, except himself, on the ground that he is a member of the same, and that the defendant wrongfully retains his share.

The claim is for funds of the plaintiff in the defendant's hands, and for which an action for money had and received would lie. It is a question between the plaintiff and defendant to whom a dividend belongs as between them. It is a dispute whether the plaintiff or defendant own a certain sixteenth which both claim. The dividends belonging to the company have long ago been made by the defendant, and if the plaintiff is, as between them, a partner, he has a right to recover.

The defendant, by assenting to the reference, has agreed that the questions in issue may be settled by referees. The claim is not against the company, but against him. The authorities, therefore, in reference to the law of partnership, must be regarded as inapplicable.

It is next objected that the referees had "no authority, under said submission, to determine what interests and right the said Stanwood had or has in or unto the copartnership property of the

said firm of N. O. Mitchell & Co." As against the firm the award of the referees is not binding, because they are not parties to the reference. If in the award matters not referred are embraced, it is not to that extent binding upon the parties, for it is familiar law that an award may be good in part and bad in part.

The objection that the award undertakes " to determine the title to real estate "·cannot avail. It does not directly appear in their award that they did so. Incidentally they may have had the real property under consideration. But no conclusions to which they may have arrived can affect the members of the firm, who did not participate in the reference, nor, indeed, can they this defendant, if they related to matters not the proper subject of a submission, or if being the proper subject, they were not submitted.

An award may be good in part and bad in part, and if separable the good will be affirmed. *Orcutt* v. *Battle*, 41 Maine, 83; *Day* v. *Hooper*, 51 Maine, 178. In this case if the objections which we have considered were to be deemed valid, there is no difficulty in making the separation. It is obvious the referees found the defendant had money belonging to the plaintiff in his hands, not as a member of the firm of N. O. Mitchell & Co., but as its " agent and business manager." For the amount so found he is entitled to judgment.                                    *Exceptions overruled.*

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.