A. M. Ross *vs.* Ralph W. Richards.

Waldo.   Opinion February 15, 1928.

*Buzzell & Thornton,* for plaintiff.
*Arthur Ritchie,* for defendant.

Sitting: Wilson, C. J., Philbrook, Dunn, Barnes, Bassett, Pattangall, JJ.

Pattangall, J.  On report.  Bill in equity to redeem real estate sold on execution.

The Bill recites (1) That on October 3, 1923, plaintiff was seized in fee of certain described real estate; (2) That on November 22, 1924, his interest in the same was sold on execution to this deferdant; (3) That within one year thereafter plaintiff tendered the amount due defendant by reason of this sale and defendant refused

6

to accept same; (4) That plaintiff now offers to pay defendant all that may be found due him and therefore prays (1) for an accounting to ascertain the amount due defendant; (2) For permission to redeem property on payment of such amount; (3) That defendant may be ordered to convey property on receipt of payment of the same.

Defendant answers (1) By denying that plaintiff ever had title to the real estate in question; (2) By denying that any tender of the amount due him was made or any accounting asked for, within the period fixed by law for redeeming the property and also urges that plaintiff became bankrupt in February, 1923, and that if he ever had any title to the property in question it is in his Trustee in bankruptcy.

To this latter proposition plaintiff replies that the Trustee in bankruptcy released his interest to the plaintiff in December, 1924, after having been duly authorized by the United States District Court so to do.

Considering the first objection set up by defendant, viz., that plaintiff never had title to the real estate. Defendant could only have acquired, by sheriff's sale, such interest as plaintiff had. He may esteem that interest very lightly. Plaintiff may regard it more seriously. Such as it is, plaintiff has a right to it, free from interference from defendant, if he pays defendant the amount which defendant paid for that interest. Title in a third person cannot be set up to defeat plaintiff's right of redemption.

As to the second objection: It appears that the sheriff's sale occurred on November 22, 1924. Plaintiff had until November 22, 1925, to redeem from the sale, and as November 22 fell on Sunday, the time was extended to November 23. On Saturday, November 21, plaintiff and his attorney endeavored to get in touch with defendant for the purpose of redeeming the property. Defendant evaded them and they did not meet him until Monday, November 23. At that time defendant not only refused to state the amount due him but said that he would not permit plaintiff to redeem for any amount and that he had so informed plaintiff some time before. Plaintiff's attorney then tendered seventy-five dollars, which was refused. Tender was waived but notwithstanding the waiver, tender was made.

The Bill is dated October 21, 1926, nearly a year after the attempt was made to redeem the property. Defendant complains of laches. There is no evidence that the delay of eleven months in bringing the bill has worked any disadvantage to him.

Plaintiff is plainly entitled to redeem the property. An accounting should be had to determine the amount due defendant, and on payment of same he should release his claim to the property of plaintiff.

*Bill sustained with costs.*
*Further proceedings to be*
*had in accordance with*
*these findings.*