## Verna G. ALLEN

v.

## Paul E. BROUILLARD, et al.

Supreme Judicial Court of Maine.

Argued June 22, 1995.
Decided July 26, 1995.

Eric Lindquist (orally), Fenton, Chapman, Fenton, Smith & Kane, P.A., Bar Harbor, for plaintiff.

Arlyn H. Weeks (orally), Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Verna G. Allen appeals from a summary judgment entered in the Superior Court (Hancock County, *Mead, J.*) in favor of Paul E. Brouillard and Sara P. Brouillard on her complaint seeking, *inter alia*, redemption of property in Castine purchased by the Brouillards at a public sale in execution of their judgment against Allen. We agree with Allen that the trial court erred in determining as a matter of law that Allen's failure to include interest in her tender of payment to the Brouillards precluded the present proceedings, and we vacate the judgment.[1]

The record discloses the following facts: Following our decision in *Brouillard v. Allen,* 619 A.2d 988 (Me.1993), affirming the judgment of the trial court awarding damages to the Brouillards on their complaint against Allen for her breach of contract to sell the Castine property to the Brouillards, the property was duly sold on April 12, 1993 at public auction to the Brouillards for $505,000. Thereafter, by a settlement agreement entered into between the Brouillards and the insurer of the attorneys who had represented Allen in the breach of contract action, the Brouillards accepted $305,000 in satisfaction of the outstanding judgment and released Allen from any further obligation on that judgment. The agreement reserved to Allen her right of redemption.

In March 1994, Allen notified the Brouillards that she intended to reacquire the property prior to the expiration of her one-year statutory right to redeem. The Brouillards notified Allen that the amount due would be approximately $570,000. When Allen questioned the Brouillards about the requested amount, the Brouillards contended that the tender should include the $505,000 paid by the Brouillards at the sheriff's sale, $10,711.11 paid for the costs of the sale, together with interest at the rate of 10.67%. Allen informed the Brouillards that she would be tendering $505,000.[2]

In April 1994, Allen tendered $505,000 to the Brouillards' attorney, who stated that he had advised the Brouillards that the tender was invalid. When asked why the tender was insufficient, the Brouillards' attorney did not respond. Accordingly, on April 12, 1994, Allen filed a complaint in the Superior Court

---

1. Because we vacate the summary judgment, we need not address the remaining issues raised by Allen in this appeal.

2. After deduction of costs of the sheriff's sale of the Castine property in the amount of $10,- 711.11, the remaining $494.288.89 was applied toward satisfaction of the Brouillards' judgment against Allen, leaving a deficiency in the amount of $389,046.35.

alleging that she had made a valid tender to redeem her property pursuant to 14 M.R.S.A. § 2251 (1980) which was wrongfully refused by the Brouillards. Allen requested an accounting pursuant to 14 M.R.S.A. § 6301 (1980) and sought an order of the court compelling the Brouillards to release their claim to the property.

The Brouillards filed a motion for a summary judgment, contending, *inter alia,* that the tender of $505,000 was insufficient because it did not include interest as required by 14 M.R.S.A. § 6204 (1994). The trial court held, *inter alia,* that because Allen's tender did not include interest on the purchase price of the property, Allen was precluded from bringing her action for redemption. Accordingly, the trial court granted the Brouillards' motion for a summary judgment in favor of the Brouillards, and Allen appeals.

■ Just as a mortgagor may redeem property sold on foreclosure, a debtor may redeem property seized and sold on execution to satisfy a debt within one year of the sale. 14 M.R.S.A. § 2251 (1980). Here, the trial court relied on 14 M.R.S.A. § 6204, that provides in pertinent part:

> The mortgagor or those claiming under the mortgagor have the right to redeem the mortgaged premises from any and all sales of the mortgaged premises under and by virtue of authority and power contained in the mortgage or from any sale of the mortgaged premises under or by virtue of a separate instrument executed at or about the same time with the mortgage, and being a part of the same transaction, by paying or tendering to the mortgagee or to those claiming under the mortgagee as appears by record at the registry of deeds where the mortgage is properly recorded, *the debt, interest, costs of foreclosure and other obligations provided in the mortgage,* at any time within one year from the date of the sale.

(Emphasis added). Although section 2251 refers to the rights and remedies of a mortgagor and mortgagee, we disagree with the trial court's interpretation that section 6204 requires a judgment debtor to pay interest on the purchase price to a purchaser at an execution sale in order to redeem the property within the statutory time period. The interest requirement of section 6204 applies only when it is provided by a mortgage instrument.

■ We have previously stated that interest is the compensation (a) fixed by agreement or (b) allowed by law for the use or detention of moneys, and is imposed by law as damages for not discharging a debt when it ought to be paid. *Town of Norridgewock v. Town of Hebron,* 152 Me. 280, 283, 128 A.2d 215 (1957). Here, there is no mortgage agreement, nor is there any statute providing that in addition to the amount paid by the purchaser of property at a sheriff's sale that interest on that amount must be paid to that purchaser by the redeemer of the property. The Brouillards' contention that if Allen is not required to pay interest they have provided an interest free loan on the underlying judgment is unavailing.

We have previously held that a judgment debtor may redeem the property if he pays "the amount which the [purchaser] paid for that interest." *Ross v. Richards,* 127 Me. 5, 6, 140 A. 378 (1928). Because the purchaser at an execution sale takes the property subject to the risk that the debtor will redeem the property within one year, property is rarely sold for its market value. Accordingly, the risk that a purchaser will lose the opportunity for a return on the investment in the property if the debtor tenders the purchase price, without interest from the time of the sale, is offset by the potential for the purchaser to retain the property for substantially less than fair market value in the event the debtor does not redeem.

Allen tendered $505,000 to redeem the property which is the amount that the Brouillards paid at the execution sale. Because Allen made a valid tender that was refused by the Brouillards, Allen is entitled to maintain the present civil action to redeem the property. *Id.*

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.