Dennis M. FULLERTON et al.

v.

KNOX COUNTY COMMISSIONERS.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1995.
Decided March 8, 1996.

Jessica M. Jensen, Crandall, Hanscom, Pease & Collins, Rockland, for Plaintiffs.

Peter T. Dawson, Augusta, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Dennis M. and Kelli E. Fullerton appeal from the judgment entered in the Superior Court (Knox County, *Mills, J.*) awarding them $130,000 as compensation for the taking of their property and $3,203.26 for costs. The Fullertons argue that the court erred in failing to award the proper interest on the judgment, in failing to award appropriate travel expenses for their expert witness, and in declining to award attorney fees. Because we agree with one of the Fullertons' contentions, we modify and affirm the judgment.

The Fullertons own a house on a one-acre parcel of land in South Thomaston. In December 1992, following a hearing, the Knox County Commissioners filed a return of doings and order in which they took an avigation and hazard easement over the Fullertons' property to allow for the expansion of the Knox County Regional Airport.

Pursuant to 23 M.R.S.A. §§ 2055 and 2058 (1992) and M.R.Civ.P. 80B, the Fullertons appealed the Commissioners' determination of $35,000 damages to the Superior Court. In November 1994 the court, after a jury-waived trial, determined that the taking of the easements amounted to a direct and immediate interference with the Fullertons' enjoyment and use of the their property. The court awarded the Fullertons the fair market value of the property, $165,000, less the amount already paid for the easements, $35,000, for net compensation of $130,000, plus interest and costs. The Fullertons were directed to convey title to the property to the Commissioners within 90 days of the court's order. The court denied the Fullertons' request for attorney fees and granted only part of their bill of costs. This appeal followed.

We must first address what appears to be a procedural anomaly in the trial court proceedings. The Fullertons' complaint appears to claim both a judicial review of the administrative action of the Knox County Commissioners in taking an avigation easement instead of a taking in fee, as well as a judicial determination of just compensation. The Commissioners' answer explicitly objected to "a review of governmental action under M.R.Civ.P. 80B" and challenged, pursuant to M.R.Civ.P. 12(b)(6), the action against the Commissioners as opposed to the County of Knox. Despite the fact that the court could not require that the Commissioners take full title rather than an easement over the plaintiffs' property and the fact that Knox County is the condemnor, no ruling on either of these issues appears in the record. The trial court nevertheless has ordered the Fullertons to convey their property in fee to the Commissioners upon the Commissioners' payment of the judgment entered for the full value of the Fullerton property. That judgment has not been challenged by the Commissioners. While we express no approval of such a procedure, we will assume, for the purpose of

this appeal, that the parties have agreed to the process followed by the trial court.

◾ The Fullertons first contend that they were improperly denied both prejudgment and postjudgment interest pursuant to 14 M.R.S.A. §§ 1602 and 1602–A (Supp.1995). In determining damages, the court applied 6 M.R.S.A. § 122 (1989), the airport property acquisition statute:

> All proceedings including the assessment of damages and appeal therefrom shall be the same as is provided by law for laying out, altering and discontinuing town ways.

Following the directive of the airport property acquisition statute, the court then applied 23 M.R.S.A. § 2057 (1992), the relevant highway statute:

> [The] Commissioners shall not order such damages to be paid, nor shall any right thereto accrue to [the Fullertons], until the land over which the highway or alteration is located has been entered upon and possession taken for the purpose of construction or use.

The court held that "[a]lthough the taking by the [Commissioners] occurred on 12/30/92, the land has not yet been entered nor has possession been taken for the purpose of construction or use, as required by § 2057 for the accrual of damages. The County will take possession on the dates, pursuant to the judgment, on which the [Fullertons] will convey title to the [Commissioners]." The court determined that interest would not accrue until the Fullertons conveyed title to the property to the Commissioners.

◾ We review a trial court's interpretation of a statute for errors of law. *Community Telecommunications Corp. v. Loughran*, 651 A.2d 373, 376 (Me.1994). When interpreting a statute, we first look at the plain meaning of the statutory language seeking to give effect to the legislative intent. *Thibeault v. Larson*, 666 A.2d 112, 114 (Me.

1995). We construe the statutory language to avoid absurd, illogical, or inconsistent results. *Id.*

The fact that the airport property acquisition statute utilizes the highway statute's procedural mechanisms for the assessment of damages does not mean that section 2057 is applicable to this case.[1] *See York Shore Water Co. v. Card*, 116 Me. 483, 102 A. 321 (1917). Section 2057 is inapplicable because the County has not taken a way. Moreover, we have previously stated, "Article I, § 21 of the Constitution of Maine, providing '[p]rivate property shall not be taken for public uses without just compensation,' constitutionally mandates payment of interest from the date of taking in order that the property owner receive 'just compensation.'" *Milstar Mfg. Corp. v. Waterville Urban Renewal Auth.*, 351 A.2d 538, 544 (Me.1976) (citation omitted). The court erred in applying section 2057 to this case and delaying the accrual of interest until the date the Commissioners take title to the property. The court found that the taking of the easements amounted to a direct and immediate interference with the Fullertons' enjoyment and use of their property. Accordingly, the Fullertons are entitled to interest from the date of the taking on December 30, 1992.

◾ The Fullertons' next contention that the court erred in declining to award attorney fees is without merit. Because there was no statute compelling the award of attorney fees, and because attorney fees are not embraced within the concept of just compensation, the court did not abuse its discretion in declining the Fullertons' request for attorney fees. *See United States v. Bodcaw Co.*, 440 U.S. 202, 204, 99 S.Ct. 1066, 1067, 59 L.Ed.2d 257 (1979). Finally, the Fullertons' challenge to the court's award of expert witness fees and expenses is without merit.

1. Section 2057 provides that damages do not accrue until the county takes possession for construction or use. The delayed accrual is based on other provisions of the highway statute that give the county the right to abandon the way before construction begins. Under section 2059, the county is given two years in which to open a way, and under section 2061, the county may abandon the proceedings for laying out the way, revoke the order of payment for the taking, and merely pay damages for any inconvenience caused by the abandoned proceedings. 23 M.R.S.A. §§ 2057–2061 (1992).

The entry is:

Judgment modified to award interest from December 30, 1992, and, as so modified, affirmed.

All concurring.