1997 ME 45

### FLEET BANK OF MAINE

v.

### Jeff GRIFFIN, d/b/a J & C Trucking.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 26, 1997.

Decided March 14, 1997.

Michael S. Haenn, Jana S. Stabile, Bangor, for plaintiff.

William S. Silsby, Jr., Silsby & Silsby, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

RUDMAN, Justice.

[¶ 1] Jeff Griffin, d/b/a J & C Trucking (Griffin) appeals from the judgment entered in the Superior Court (Washington County, *Kravchuk, J.*) affirming a forcible entry and detainer judgment entered in the District Court (Machias, *Romei, J.*) in favor of Fleet Bank of Maine (Fleet Bank). Griffin contends that the trial court, *inter alia*, erred in determining that the sureties he provided were insufficient. We agree and vacate the judgment.

[¶ 2] Fleet Bank commenced an action for forcible entry and detainer against Jeff Griffin seeking possession of a 1988 CMI Load King Flatbed Trailer alleging that the flatbed was pledged as security for a debt owed by Charles P. Curtis then in default. In response to the complaint, Griffin claimed title to the flatbed. The court found that Griffin's claim of title was not frivolous and ordered Griffin and Fleet Bank "[t]o provide surety or sureties to each other in the amount of $1,500 conditional on [Fleet Bank's] entering the action in the Superior Court within 30 days." Griffin provided a surety bond which stated in part

KNOW ALL MEN BY THESE PRES-ENTS that we **JEFF GRIFFIN,** of Den-nysville, Maine, as principal, and **Gardner**

**Griffin,** of Edmunds, Maine and **Timothy Griffin,** of Pembroke, Maine, as sureties, are holding and stand firmly bound unto **FLEET BANK OF MAINE,** a Maine corporation with a place of business in Bangor, County of Penobscot, State of Maine, its successors and assigns, in the sum of One Thousand Five Hundred Dollars ($1,500.00) to be paid to the said Fleet Bank of Maine, or its successors and assigns, upon demand to which payment well and truly be made; we bind ourselves, our heirs and personal representatives, jointly and severely, [sic] firmly by these presents, sealed with our seals and dated this 6th day of April, A.D., 1995.

The condition of this obligation is such that whereas the said Fleet Bank of Maine has brought an action of Forcible Entry and Detainer against the said Jeff Griffin and wherein he has filed an affirmative defense claiming title to the premises described in the action aforesaid be in himself.

NOW THEREFORE, if the said Jeff Griffin shall pay all such intervening damages and costs as may be adjudged against him and a reasonable rent for said premises then this bond shall be void. Otherwise, it shall remain in full force.

[¶ 3] Fleet Bank then filed a motion for a default judgment claiming that the sureties provided by Griffin were insufficient as a matter of law. The court agreed and entered a judgment in favor of Fleet Bank. The Superior Court affirmed the decision of the District Court. This appeal followed.

[¶ 4] When the Superior Court acts in an intermediate appellant capacity, as in the instant case, we review the decision of the District Court directly. *Estate of Saliba v. Dunning,* 682 A.2d 224, 226 (Me.1996). "We review a trial court's interpretation of a statute for errors of law." *Fullerton v. Knox County Comm'rs,* 672 A.2d 592, 594 (Me. 1996).

[¶ 5] Griffin contends that the trial court erred in finding that his unsecured promise to pay, which listed two of his family members as sureties, was insufficient to satisfy 14 M.R.S.A. § 6012. Griffin argues that section 6012 does not provide for security to be furnished by either the principal or his sureties.

[¶ 6] Title 14 M.R.S.A. § 6012 (1980) [1] provides in pertinent part:

[I]f defendant shall claim title to said property in himself, he shall provide claimant with a sufficient surety or sureties to pay all intervening damages and costs and a reasonable rental for use of said personal property. The plaintiff shall in like manner provide surety or sureties to the defendant conditioned to enter the action in Superior Court within 30 days and to pay all costs adjudged against him. If either party neglects to so provide said surety or sureties, judgment shall be rendered against him.

[¶ 7] In the instant case, the trial court interpreted the language contained in section 6012 and determined that the surety provided by Griffin was not "sufficient" within the meaning of the statute:

Defendant has provided Plaintiff with a document signed by himself and two members of his family which is essentially an unsecured promise to pay. Defendant's "surety" is not what is contemplated by Section 6012 of the Forcible Entry and Detainer Statute. See *Ford Motor Credit Co. v. Machias Ford, Mercury, Inc.,* 509 A.2d 658 (Me.1986). The "surety" provided by the Defendant is a recital of proposed indebtedness of the alleged sureties. Such a surety would require the successful party to take extra steps to enforce the promise to pay.

[¶ 8] When interpreting the language of a statute, the court must first look to the plain meaning of the statutory language in an effort to give effect to the legislative intent. *Fullerton,* 672 A.2d at 594. Statutory language should be construed to avoid absurd, illogical, or inconsistent results. *Id.*

---

1. Title 14 M.R.S.A. § 6012 was repealed and replaced by P.L.1995, ch. 448, § 4 (effective date Sept. 29, 1995). Since this action was commenced prior the effective date of the amendment, the earlier version of § 6012 governs.

[¶ 9] The plain reading of the statute obligates the defendant to provide the claimant with "a sufficient surety or sureties." The statute does not provide that the sureties secure their obligation. A surety is "[o]ne who undertakes to pay money or to do any other act in [the] event that his principal fails therein." Black's Law Dictionary 1441 (6th ed. 1990). The undertaking supplied by Griffin does exactly that. Gardner Griffin and Timothy Griffin have agreed to pay damages to Fleet Bank should Jeff Griffin fail to do so. The court erred when it concluded, as a matter of law, the proffered surety was insufficient as a matter of law. We note that Fleet Bank did not seek to examine the sureties as to their financial resources which might or might not establish, as a matter of fact, the sufficiency of the sureties.

[¶ 10] The other issues raised by Griffin do not merit consideration.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

