1997 ME 192

**Margaret J. OSGOOD**

v.

**Sarah F. OSGOOD.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 23, 1997.
Decided Aug. 15, 1997.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Clarke C. Hambley, Givertz, Lunt, Hambley & Scheffee, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Margaret J. Osgood appeals from the judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in an action involving the partition and sale of real estate and personal property held by Margaret and her sister, defendant Sarah F. Osgood, as tenants in common. At issue on appeal is the court's award of prejudgment interest. The court ordered interest only from the date of an arbitration award that resulted from an agreement to settle part of the action. Plaintiff claims an entitlement to prejudgment interest from the date of the original complaint. We agree, but only with respect to a portion of the award. Thus, we vacate the judgment.

[¶ 2] In 1992, Margaret filed a complaint for the partition of certain real estate in Scarborough that she and Sarah inherited from their father and held as tenants in common. This complaint was later amended to add a second count seeking equitable distribution of the personal property located on the real estate. Sarah counterclaimed seeking payment for the expense of maintaining the real estate.

[¶ 3] Following the court's denial of Margaret's motion for a summary judgment, the parties entered into a consent order of partition and sale agreeing that the property would be placed on the market and sold if certain conditions were satisfied. The order provided that if the parties were unable to resolve disputes about various costs as well as the distribution of personal property, a sum of money from the sale would be placed in escrow, and the parties would submit to binding arbitration. When negotiations regarding the personal property broke down, the disputed matters were arbitrated. The arbitrator awarded $45,390.91 to Margaret as her share of the personalty held by Sarah and for reimbursement of expenses and unauthorized withdrawals. The arbitrator did not address the issue of prejudgment interest in his decision. Margaret subsequently filed a motion to confirm the arbitration award.

[¶ 4] The court confirmed the award of the arbitrator and concluded that prejudgment interest should be awarded only for the period between the dates of the arbitration award and judicial confirmation of that award. The court reasoned that absent some other agreement, all issues are considered to be submitted to arbitration for resolution and concluded that it lacked authority to award interest predating the arbitration award. Margaret appeals seeking interest on the entire award from the date of the complaint.

[¶ 5] Although there is authority suggesting that interest may not be added by a court in confirming an arbitration award, we conclude that the hybrid before us is not an arbitration proceeding pursuant to Maine's Uniform Arbitration Act. 14 M.R.S.A. §§ 5927–5949 (1980 & Supp.1996). This case began as and remains a civil action and was initiated by the filing of a civil complaint. M.R.Civ.P. 2 ("[t]here shall be one form of action to be known as 'civil action.' "). "Under the Rules there is only one action—a "civil action"—in which all claims may be joined and all remedies are available." *Ross v. Bernhard*, 396 U.S. 531, 539, 90 S.Ct. 733, 739, 24 L.Ed.2d 729 (1970). Although an arbitrator subsequently decided issues in this case when the parties were unable to resolve their disagreement in the framework of negotiation and settlement, the arbitration proceedings did not alter the original character of the case as a "civil action."

[¶ 6] Here, arbitration resulted from an order entered by consent and was agreed to only after substantial litigation had occurred. Arbitration was resorted to as a means of facilitating the resolution of issues that the parties were unable to agree on in a protracted civil action. This is not an instance in which a complaint is filed for the purpose of proceeding to arbitration, compelling arbitration, or enforcing an arbitration award. The arbitration here of specific issues was ancillary to and served the needs of the civil action and did not materially alter its nature for purposes of the prejudgment interest statute.

[¶ 7] Given the existence of a civil action, Margaret relies on the mandatory language of the prejudgment interest statute to contend that she is entitled to interest from the date of the original complaint, not merely, as ordered by the court, from the date of the arbitration award. We review the court's construction of the prejudgment interest statute for errors of law. *Fleet Bank of Maine v. Griffin*, 690 A.2d 981, 983 (Me.1997). In doing so, we must give effect to the Legislature's intent. Intent is usually gleaned from the plain meaning of the statute, construed to avoid absurd, illogical, or inconsistent results. *Id.*

[¶ 8] The relevant statute provides: "In all civil actions, except those actions involving a contract or note which contains a provision relating to interest, prejudgment interest shall be assessed...." 14 M.R.S.A. § 1602(1) (Supp.1996). In actions not involving a notice of claim, prejudgment interest accrues from the date on which the complaint is filed until the date on which an order of judgment is entered. *Id.* "Civil action," broadly defined, includes both suits cognizable at law and in equity. M.R.Civ.P. 81(a); *Raymond v. Raymond*, 480 A.2d 718, 724 (Me.1984).

[¶ 9] The present case is complicated by the fact that $35,985 of the award represents Margaret's share of jointly-owned personalty valued by the arbitrator at current market value. Only the balance of the award, $10,815.91, represents money damages for unpaid expenses or unauthorized withdrawals from a joint account. Permitting prejudgment interest in a case involving the equitable partition of jointly-held property leads to an illogical result inconsistent with the purpose of the statute.

[¶ 10] Prejudgment interest, disapproved of at common law, was created by the Legislature as a measure of damages to penalize defendants for delay and to encourage the pretrial settlement of clearly meritorious suits. *Pierce v. Central Maine Power, Co.*, 622 A.2d 80, 85 (Me.1993); *Purwin v. Robertson Enterprises, Inc.*, 506 A.2d 1152, 1155 (Me.1986). Such interest is designed to compensate an injured party for the inability to use money rightfully belonging to that party between the date suit is filed and the date judgment is entered *Masters Machine Co.,*

*Inc. v. Brookfield Athletic Shoe Co., Inc.,* 663 F.Supp. 439, 443 (D.Me.1987) (citing *Inhabitants of Town of Norridgewock v. Inhabitants of Town of Hebron,* 152 Me. 280, 283, 128 A.2d 215, 217 (1957)). Awarding prejudgment interest to the prevailing party in civil actions for damages appropriately furthers these purposes.

 [¶ 11] Actions for partition, however, are distinguishable from actions for damages. The institution of a "civil action" for partition is merely a vehicle for the exercise of the right to divide property. Because that right does not depend on either the unlawful taking or detention of property, or any injury thereto, 59A AM.JUR.2D *Partition* § 3 (1987), such an action is not necessarily premised on a wrong by the defendant. The parties are simply severing their joint ownership and requesting division and distribution of the property by the court. In a partition action, an award of "prejudgment interest" in addition to a share of the property valued at current market value would result in a windfall for the first joint-owner to seek partition. The present case involves both an action for partition of personalty and an action for money damages. We conclude that prejudgment interest should have been awarded from the date of the complaint, but only on $10,815.91, the sum awarded for money damages.

The entry is:

Judgment vacated and remanded for an award of prejudgment interest on $10,815.91 from the date of the complaint.