1997 ME 232

Daniel GUIGGEY

v.

**GREAT NORTHERN PAPER, INC.**

Supreme Judicial Court of Maine.

Argued Nov. 12, 1997.
Decided Dec. 17, 1997.

---

Wayne W. Whitney (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for employee.

John A. Woodcock, Jr. (orally), Weatherbee, Woodcock, Burlock & Woodcock, Bangor, for employer.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Daniel Guiggey appeals from a decision of the Workers' Compensation Board concluding that his employer is not required to pay him pre-decree interest pursuant to 39–A M.R.S.A. § 205(6) (Supp.1997). Because we agree with Guiggey that, pursuant to the plain language of subsection 205(6), employees are entitled to pre-decree interest accruing from the date that each payment would have been due if voluntarily and timely paid, we vacate the decision of the Board.

[¶ 2] Guiggey suffered a work-related injury on March 12, 1994, while employed by Great Northern. Great Northern contested liability, and Guiggey petitioned for an award of benefits. The Board granted Guiggey's petition and awarded him continuing total incapacity benefits retroactive to the date of injury. Great Northern promptly paid Guiggey his past due benefits in a lump sum without interest. Guiggey then filed a second petition seeking interest at the rate of 10% per annum from the date that each payment would have been due if timely paid, *totalling* approximately $900. *39–A M.R.S.A. § 205(6).* The Board denied Guiggey's petition for interest, and we granted his petition

for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1997).

[¶ 3] Two provisions of the Act require an employer to pay interest to an employee on an award of benefits: 39–A M.R.S.A. §§ 205(6) & (9)(F). Subsection 205(6), at issue in this appeal, provides:

> When weekly compensation is paid pursuant to an award, interest on the compensation must be paid at the rate of 10% per annum *from the date each payment was due,* until paid.

39–A M.R.S.A. § 205(6) (emphasis added). Subsection 205(9)(F), relating to an employer's right to terminate unilaterally or to discontinue benefits, provides:

> If benefits have been discontinued or reduced pursuant to paragraph A or B and the board, after hearing, determines that benefits have been wrongfully withheld, the board shall order payment of all benefits withheld together with interest at the rate of 6% a year. The employer shall pay this amount within 10 days of the order.

39–A M.R.S.A. § 205(9)(F) (Supp.1997).

[¶ 4] The parties agree that, because Great Northern contested its initial liability for the injury and did not terminate benefits pursuant to subsection (9)(A) or (9)(B), the applicable provision is subsection 205(6), not 205(9)(F). The Board concluded, however, that because an employer is liable for 6% interest pursuant to subsection (9)(F) for withholding benefits after liability is established, interpreting subsection 205(6) as providing a higher interest rate (10%) on pre-decree interest when an employer disputes its initial liability in good faith would be incongruous. Accordingly, the Board concluded that the phrase "the date each payment was *due*" in 39–A M.R.S.A. § 205(6) (emphasis added), is not triggered until there is a Board decree ordering payment of benefits.

[¶ 5] We do not agree with the Board's interpretation of the plain language of the statute. Pursuant to subsection 205(2), payment of workers' compensation benefits may be "due" without a Board decree. *See* 39–A M.R.S.A. § 205(2) (Supp. 1997) ("The first payment of compensation

for incapacity under section 212 or 213 is *due* and payable within 14 days after the employer has notice or knowledge of the injury or death, on which date all compensation then accrued must be paid") (emphasis added). Our interpretation of the plain language is also supported by use of the past-tense "was" to modify the word "due." Interest is required from the date that each payment *was due*, i.e., prior to the decree awarding benefits.

■ [¶ 6] As we have stated, our interpretation of a statute is controlled by the statute's plain meaning, unless that plain meaning leads to "absurd results." *See Folsom v. New England Tel. & Tel. Co.*, 606 A.2d 1035, 1042 (Me.1992). Although the existence of different interest rates in subsection 205(6) and in subsection 205(9)(F) might appear illogical, we do not agree that the result is incongruous or absurd. Moreover, it does not necessarily follow, as Great Northern contends, that employers who, in good faith, fail to accept initial liability for an injury will pay more than employers who willfully violate the Act. Employers who willfully withhold benefits pursuant to either subsection 205(1) or 205(9) are subject to a penalty pursuant to 39–A M.R.S.A. § 324 (Supp.1997).

■ [¶ 7] Our reading of the plain language is entirely consistent with the legislative history of section 205(6) and with long established policy regarding prejudgment interest. Subsection 205(6) replaces former 39 M.R.S.A. § 72, which provided:

> Upon each award of the Workers' Compensation Commission, interest must be assessed from the date on which the petition is filed at a rate of 8% per year, except that if the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days interest will be suspended for the duration of the continuance. From and after the date of the decree, interest is allowed at the rate of 15% per year. Payment of any interest allowed after the 10th day following the date of the decree is not an element of loss for the purpose of establishing rates for workers' compensation insurance. This

section must be enforced by the Workers' Compensation Commission.

39 M.R.S.A. § 72 (Supp.1992), *repealed and replaced by Maine Workers' Compensation Act of 1992,* P.L.1991, ch. 885, §§ A–7, A–8. We have stated that the assessment of prejudgment interest serves two purposes in the ordinary civil context: first, it "compensate[s] an injured party for the inability to use money rightfully belonging to that party between the date suit is filed and the date judgment is entered," *Osgood v. Osgood,* 1997 ME 192, ¶ 10, 698 A.2d 1071, 1073–74; and second, it " 'encourages the defendant to conclude a pretrial settlement of clearly meritorious suits,' " *Pierce v. Central Maine Power Co.,* 622 A.2d 80, 85 (Me.1993) (quoting *Simpson v. Hanover Ins. Co.,* 588 A.2d 1183, 1185 (Me.1991)). Similarly, the assessment of pre-decree interest serves two purposes in the workers' compensation context: (1) to compensate the employee for delay in the receipt of benefits; and (2) to discourage employers from contesting valid workers' compensation claims.

[¶ 8] By virtue of the Board's interpretation, the employee, who is often already financially strapped as a result of the injury, must not only wait months, or potentially years, for the litigation of a claim, but also will receive no recompense for the delay in payment. Moreover, aside from the legal expense, it would cost nothing for an employer, pursuant to the Board's interpretation, to contest a claim for compensation. Therefore, there would be little disincentive for the employer to contest valid claims. Although we have recognized that a purpose for the enactment of title 39–A was to reduce costs in the workers' compensation system, *Ray v. Carland Constr., Inc.,* 1997 ME 206, ¶ 6, 703 A.2d 648, we have also recognized a legislative purpose to encourage informal acceptance of claims in order to reduce litigation, *Mathieu v. Bath Iron Works,* 667 A.2d 862, 865 (Me.1995). The Board's interpretation of subsection 205(6) runs directly counter to this latter legislative policy and represents a significant departure from pre–1993 law. We do not interpret the *Workers' Compensation Act of 1992,* P.L.1991, ch. 885, as repealing or modifying the law prior to 1993 absent express statutory language evincing that in-

tent. *Ray*, 1997 ME 206, at ¶ 6, 703 A.2d 648; *Bureau v. Staffing Network, Inc.*, 678 A.2d 583, 588 (Me.1996).

[¶ 9] Moreover, as we have stated, the 1992 workers' compensation reforms were based in large part on the Michigan model. *Bureau*, 678 A.2d at 589–90; *Bowie v. Delta Airlines, Inc.*, 661 A.2d 1128, 1130–31 (Me. 1995); Report of Blue Ribbon Commission to Examine Alternatives to the Workers' Compensation System and to Make Recommendations Concerning Replacement of the Present System, Findings of the Majority of the Blue Ribbon Commission 2 (August 31, 1992) ("The [Blue Ribbon] Commission has developed a bill that adopts many of the key features of the Michigan Workers Compensation system. A number of the Michigan provisions were revised in order to reflect considerations particular to the state of Maine"). As Guiggey contends, section 205(6) is virtually identical to the correlative statute in the Michigan Act:

> When weekly compensation is paid pursuant to an award of a worker's compensation magistrate, an arbitrator, the board, the appellate commission, or a court, interest on the compensation shall be paid at the rate of 10% per annum from the date each payment was due, until paid.

Mich. Stat. Ann. § 418.801(6) (1997). As early as 1984, the Michigan Supreme Court interpreted the Michigan statute to require the assessment of pre-decree interest for each payment from the date that each payment was due. *Selk v. Detroit Plastic Prods.*, 419 Mich. 32, 348 N.W.2d 652, 653 (1984).

[¶ 10] Although we accord deference to Board interpretations of the Act, we are compelled to overturn Board decisions when the plain language of the statute and its legislative history support a contrary result. *Kinney v. Great No. Paper, Inc.*, 679 A.2d 517, 518 (Me.1996). Accordingly, we conclude that, pursuant to subsection 205(6), employees are entitled to interest in the rate of 10% per annum computed from the date that each payment would have been due had the employer accepted liability and voluntarily paid timely benefits.

The entry is:

Decision of the Workers' Compensation Board vacated and remanded for further proceedings consistent with the opinion herein.