2002 ME 106

Robert J. JASCH Sr.

v.

The ANCHORAGE INN.

Hugh S. Cowperthwaite

v.

M.E.R. Assessment Corp.

Docket Nos. WCB 01–370, WCB–01–389.

Supreme Judicial Court of Maine.

Argued: May 7, 2002.
Decided: July 2, 2002.

James G. Fongemie, (orally), Jeffrey Neil Young, McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, ME, (for Hugh Cowpertwaite), Anthony J. Peverada Jr., (orally), Benjamin Yardley, Worker Advocate Division, Portland, ME, (for Robert Jasch), for employees.

Richard D. Bayer, (orally), Maine Employers Mutual Ins. Co., Portland, ME, (for M.E.R. Assessment Corp.), Joy L. McNaughton, (orally), Law Offices of Gerard O. Fournier, Portland, ME, (for The Anchorage Inn), for employers.

BEFORE: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] In this consolidated case, an employee, Robert J. Jasch Sr., and an employer, M.E.R. Assessment Corp., appeal from decisions of hearing officers of the Workers' Compensation Board, reaching contradictory results concerning the employees' entitlement to prejudgment interest in cases in which the employer agrees to voluntarily pay benefits pursuant to an agreement, but the agreement is silent concerning interest. Because we conclude that a consent decree is an "award" for purposes of 39–A M.R.S.A. § 205(6) (2001), and also falls within the ambit of W.C.B. Rule ch. 8, § 7 (1999), we conclude that Jasch is entitled to the payment of prejudgment interest on the consent decree, even in the absence of a specific agreement with respect to interest, and, therefore, we vacate the hearing officer's decision in *Jasch v. Anchorage Inn.* Because we conclude that W.C.B. Rule ch. 8, § 7, controls the issue of interest in cases involving mediation agreements, we affirm the hearing officer's decision to award prejudgment interest in the case of *Cowperthwaite v. M.E.R. Assessment Corp.*

## I. BACKGROUND

### A. *Jasch v. Anchorage Inn*

[¶ 2] Robert J. Jasch Sr. suffered a work-related left elbow injury on May 5, 1999, while employed at The Anchorage Inn, and filed a petition for award in August 1999. After an unsuccessful mediation, the parties subsequently reached an agreement, and the Board issued a consent decree in April 2000 in which Anchorage Inn accepted liability and agreed to pay short-term total incapacity benefits. The consent agreement and decree were silent with respect to the payment of prejudgment interest.

[¶ 3] Pursuant to the consent decree, Anchorage Inn paid forty-seven weeks of past-due benefits, but failed to include interest, and Jasch filed a second petition seeking the prejudgment interest. In 2001 a hearing officer denied the employee's request for interest. The hearing officer also denied the employee's motion for further findings of fact, and we granted Jasch's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001), and ordered that the appeal be consolidated with *Cowperthwaite v. M.E.R. Assessment Corp.*, for purposes of oral argument.

### B. *Cowperthwaite v. M.E.R. Assessment Corp.*

[¶ 4] Hugh S. Cowperthwaite filed a petition for award with the Workers' Compensation Board in August 2000, alleging that he suffered a work-related back injury on January 29, 1999, while employed by M.E.R. Assessment Corp. Pursuant to a mediated agreement dated August 7, 2000, Cowperthwaite agreed to dismiss his petition in exchange for M.E.R.'s agreement to pay short-term total and partial incapacity compensation. M.E.R. paid a total of $4,348.43.

[¶ 5] In December 2000 Cowperthwaite filed a petition seeking the payment of

interest on the payments made pursuant to the agreement. On May 31, 2001, a hearing officer granted the employee's petition seeking interest, and we granted M.E.R.'s petition for appellate review pursuant to 39–A M.R.S.A. § 322.

## II. DISCUSSION

### A. *Jasch v. Anchorage Inn*

[¶ 6] Section 205(6) of the Act provides, in pertinent part:

> **6. Interest.** When weekly compensation is paid pursuant to an award, interest on the compensation must be paid at the rate of 10% per annum from the date each payment was due, until paid.

39–A M.R.S.A. § 205(6).

[¶ 7] Pursuant to its rulemaking authority, see 39–A M.R.S.A. § 152(2) (2001), the Board promulgated Rule ch. 8, § 7, providing, in pertinent part:

> Interest on awards of compensation must be calculated by the employer and paid to the employee pursuant to 39–A M.R.S.A. Sec. 205(6). Interest must be paid to the employee even if there is no express language in the decision of the mediator or hearing officer ordering such payment. . . .

W.C.B. Rule ch. 8, § 7.

[¶ 8] Anchorage contends that a consent decree is not an "award" pursuant to section 205(6), nor is it a "decision" of a "hearing officer" pursuant to Board Rule ch. 8, § 7. Moreover, Anchorage contends that even if a consent decree could be considered a decision of a hearing officer pursuant to Board Rule ch. 8, § 7, and if the Board Rule could be interpreted to require prejudgment interest in this case,

then the Board Rule is inconsistent with the statutory language and beyond the Board's rulemaking authority.

[¶ 9] We have recognized a legislative intent to delegate broad authority to the Board to interpret the · Act, either by Board Rule or through its appellate authority, when the statutory language is ambiguous. *See Russell v. Russell's Appliance Serv.,* 2001 ME 32, ¶ 10 n. 3, 766 A.2d 67, 71 n. 3. As one legislator remarked prior to the enactment of title 39–A:

> It seems to me that the idea is in fact to change . . . from an adversarial type of neverending conflict between management and labor to one where they may work together. And I am optimistic about the formation of a board that is governed by the players, by those who pay the bills, by those who receive the benefits. It seems to me that it's worth trying. Lord knows we've failed in the present system.

Legis.Rec. S–36 (3d Spec.Sess.1992) (statement of Sen. Collins). Moreover, as we have stated, the Workers' Compensation Act "reflects not so much a legislative intent to comprehensively address every workers' compensation issue in a detailed and specific way, but to commit some issues to a process in which the participants in the system, labor and management, can work out flexible and realistic solutions." *Bureau v. Staffing Network, Inc.,* 678 A.2d 583, 588 n. 2 (Me.1996).

▬ [¶ 10] Although we have invalidated Board Rules when we have found those rules to be in direct contravention of a statute, *see e.g., Beaulieu v. Maine Med. Ctr.,* 675 A.2d 110, 111 (Me.1996),[1] we will

---

**1.** In *Beaulieu v. Maine Med. Ctr.,* 675 A.2d 110, 111 (Me.1996), we struck down a Board Rule providing that the decision to include fringe benefits in the average weekly wage must be "governed by the law in effect at the time of the employee's injury." Me.

W.C.B.Rule 1.4(B) (adopted January 8, 1993) (subsequently contained in Me.W.C.B.Rule 4.2). We concluded that the Board Rule was inconsistent with P.L.1991, ch. 885, § A–10, which expressly provides for the retroactive application of 39–A M.R.S.A. § 102(4)(H),

defer to the Board where there is no direct conflict between the rule and the statutory language.

[¶ 11] Employees have been entitled to prejudgment interest on workers' compensation awards since 1975. 39 M.R.S.A. § 72 (Supp.1991), *repealed by* P.L.1991, ch. 885, § A–7. Although an employee can agree to forego prejudgment interest, in the same way that an employee can forego other benefits, e.g., incapacity or medical benefits, employees are entitled to prejudgment interest pursuant to section 205(6) as a matter of law. Accordingly, Board Rule ch. 8, § 7, requiring employers to pay prejudgment interest in the absence of an express agreement to the contrary is not ultra vires, but consistent with the statute.

[¶ 12] We do not agree with M.E.R. that the term "award" has the limited meaning that M.E.R. ascribes to it. The term "award" is not defined in the Act. Traditionally, a consent decree is memorialized by a Board order, signed by a hearing officer, and is accorded the same finality and res judicata effect as any other decree or award of a hearing officer. *See Dufault v. Midland–Ross of Canada, Ltd.,* 380 A.2d 200, 205 (Me.1977). Moreover, we have occasionally referred to voluntary agreements in our decisions as "awards," or "settlement awards," or "lump sum awards." *See, e.g., Doucette v. Washburn,* 2001 ME 38, ¶ 9 n. 4, 766 A.2d 578, 582 n. 4 ("settlement award"); *Cummings v. Cummings,* 540 A.2d 778, 779 (Me.1988) ("lump sum award"); *Soper v. St. Regis Paper Co.,* 411 A.2d 1004, 1007 (Me.1980) (same); *Steeves v. Irwin,* 233 A.2d 126, 130 (Me. 1967) ("settlement award"). We conclude that a consent decree, signed by a hearing officer and issued through the auspices of the Board, is an "award" for purposes of

section 205(6), and also falls reasonably within the ambit of a decision of a "hearing officer" for purposes of Board Rule ch. 8, § 7.

[¶ 13] Our interpretation is consistent with the policy of the rule and the statute. We have discussed the purpose of prejudgment interest in the workers' compensation setting:

> [T]he assessment of prejudgment interest serves two purposes in the ordinary civil context: first, it "compensate[s] an injured party for the inability to use money rightfully belonging to that party between the date suit is filed and the date judgment is entered," *Osgood v. Osgood,* 1997 ME 192, ¶ 10, 698 A.2d 1071, 1073–74; and second, it " 'encourages the defendant to conclude a pretrial settlement of clearly meritorious suits,' " *Pierce v. Central Maine Power Co.,* 622 A.2d 80, 85 (Me.1993) (quoting *Simpson v. Hanover Ins. Co.,* 588 A.2d 1183, 1185 (Me.1991)). Similarly, the assessment of pre-decree interest serves two purposes in the workers' compensation context: (1) to compensate the employee for delay in the receipt of benefits; and (2) to discourage employers from contesting valid workers' compensation claims.

*Guiggey v. Great N. Paper, Inc.,* 1997 ME 232, ¶ 7, 704 A.2d 375, 377.

[¶ 14] Anchorage contends, however, that applying the Board Rule to consent decrees will discourage employers from entering into settlement agreements. Jasch, on the other hand, contends that applying the Board Rule to consent decrees will encourage early agreements because interest is running and will encourage employers to negotiate agreements, because the only way for an employer to avoid prejudgment interest would be to

which permits consideration of fringe benefits for pre–1993 injuries. *Beaulieu,* 675 A.2d at 111.

expressly structure an agreement so providing.

[¶ 15] We see no reason in the legislative purpose of the statute to distinguish between awards rendered by a hearing officer following an adversarial hearing, and awards issued by a hearing officer with the consent of · the parties. Applying the Board Rule in this case, we conclude that Jasch is entitled to prejudgment interest in the absence of an express agreement to the contrary.

**B.· *Cowperthwaite v. M.E.R. Assessment Corp.***

■ [¶ 16] M.E.R. contends that *Cowperthwaite* is distinguishable from *Jasch,* because, in *Cowperthwaite,* the parties did not enter into a consent decree, but a mediated agreement. M.E.R. does not appear to dispute that this case falls within the language of Board Rule ch. 8, § 7, which refers to mediation agreements that are silent with respect to interest. Instead, M.E.R. contends that the term "award" in section 205(6) cannot be interpreted to include an agreement reached at mediation, and, therefore, Board Rule ch. 8, § 7, is contrary to the plain language of the Act and invalid.

■ [¶ 17] We have previously recognized a legislative intent in title 39–A to encourage mediation. Indeed, we have stated that mediation pursuant to the new Act was intended to "replace litigation whenever possible." *Bureau,* 678 A.2d at 590.[2] Accordingly, we have held that mediated agreements are accorded the same

res judicata effect and enforceability as a Board or judicial decree. *Id.*

[¶ 18] While we need not decide whether the term "award" will always include an agreement reached at mediation, in light of the legislative policy to equate mediated agreements with formal hearing officer decrees, we cannot conclude that the Board exceeded its authority in treating mediated agreements as "awards" with respect to the payment of prejudgment interest. We conclude that the hearing officer correctly applied Board Rule ch. 8, § 7, in awarding prejudgment interest for payments made pursuant to a mediated agreement that was silent with respect to interest.

The entry is:

The hearing officer's decision in *Cowperthwaite v., M.E.R. Assessment Corp.,* WCB–01–370, is affirmed.

The hearing officer's decision in *Jasch v. Anchorage Inn,* WCB–00–389, is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

---

2. As one legislator remarked in the legislative debates, the administrative changes brought about by title 39–A were designed to "mov[e the system] from the judicial model to the administrative model which, hopefully, can shorten that time frame so that the emphasis can finally be on getting injured people back to work and avoiding accidents, instead of appeal after appeal after appeal and of someone finally getting their benefits." Legis.Rec. S–53 (3d Spec.Sess.1992) (statement of Sen. Kany); *see also* Legis.Rec. H–45, 3d Spec. Sess.1992 (statement of Rep. Anthony) ("[T]he strength of [Title 39–A] is to convert from a litigated system to a system of centered around mediation.").