STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-18

SARAH L. BROWN,

Plaintiff

v.

ORDER

DONALD L. GARBRECH
LAW LIBRARY

NOV 5 2002

WILLIE J. HUNTER and
SCHNEIDER NATIONAL
CARRIERS, INC.,

Defendants

This matter came on before the court on the plaintiff's Application for Confirmation of Arbitration Award. The cause of action, originally brought as a complaint for damages as the result of negligence, went through considerable discovery and even a trial management conference before the parties agreed to submit the matter to arbitration. The arbitration award was for the plaintiff in the amount of $25,589.22, but did not mention costs of litigation, costs of arbitration or statutory interest.

The defendants object to the plaintiff's Application, arguing that typically in arbitration the costs are split equally between the parties that since the award made no reference to statutory interest, the interest should not apply. The plaintiff argues to the contrary. All parties have agreed that the court may decide this issue based on their memoranda without further hearing.

The key to both questions may lie in our Law Court's decision in *Osgood v. Osgood*, 1997 ME 192, 698 A.2d 1071. The defendants argue that *Osgood* does not apply because *Osgood* concerned a "hybrid" proceeding. The defendants are correct that

1

*Osgood* was hybrid in nature, but their argument fails because the present case is precisely the same type of hybrid. In both *Osgood* and the present case, the litigation began as a straight civil action for damages and arbitration came into the picture only later and with the consent of the parties. Therefore, statutes and rules concerning interest and costs still apply even though the matter was resolved through arbitration.

The one exception to the court's award of interest and costs would be the cost of the arbitration itself. In other words, each side should be responsible for an equal share of the arbitrator's charges and any other costs directly related to the arbitration process itself.

Therefore, the entry will be:

(1)     The plaintiff's application for confirmation of the arbitration award is APPROVED and the award of $25,589.22 is CONFIRMED.
(2)     The plaintiff is also awarded her costs as set forth in her bill of costs plus statutory interest.
(3)     Each side shall pay one-half of the arbitrator's fee and any other direct cost of the arbitration.

Dated: October 29, 2002

_____
S. Kirk Studstrup
Justice, Superior Court

2

SARAH L BROWN  - PLAINTIFF

Attorney for: SARAH L BROWN
BRETT BABER
BABER & WEEKS PA
304 HANCOCK ST, SUITE 2E
BANGOR ME 04401


vs
WILLIE J HUNTER  - DEFENDANT

Attorney for: WILLIE J HUNTER
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


SCHNEIDER NATIONAL CARRIERS, INC. - DEFENDANT

Attorney for: SCHNEIDER NATIONAL CARRIERS, INC.
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2001-00018


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 02/14/2001

## Docket Events:

08/02/2001 FILING DOCUMENT - COMPLAINT FILED ON 02/14/2001

08/02/2001 ATTORNEY - RETAINED ENTERED ON 02/14/2001
        Plaintiff's Attorney: BRETT BABER

08/02/2001 Party(s):  SARAH L BROWN
        SUMMONS - ACK OF RECEIPT OF SUMM/COMP FILED ON 03/07/2001
        CERTIFICATE OF SERVICE WITH ATTACHED SUMMONS (SERVICE MADE ON 2/27/01)BY   BROWN COUNTY
        SHERIFF'S DEPT, WISCONSIN.

08/02/2001 Party(s):  WILLIE J HUNTER,SCHNEIDER NATIONAL CARRIERS, INC.
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 03/19/2001

08/02/2001 Party(s):  WILLIE J HUNTER
        ATTORNEY - RETAINED ENTERED ON 03/19/2001
        Defendant's Attorney: GLENN ROBINSON

08/02/2001 Party(s):  SCHNEIDER NATIONAL CARRIERS, INC.
        ATTORNEY - RETAINED ENTERED ON 03/19/2001
        Defendant's Attorney: GLENN ROBINSON

08/02/2001 ORDER - SCHEDULING ORDER ENTERED ON 03/22/2001
        S KIRK STUDSTRUP , JUSTICE