NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 68

No. 24-AP-042

| | |
|---|---|
| Stacey Martin | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Civil Division |
| | |
| Christine Lyon | September Term, 2024 |

H. Dickson Corbett, J.

Jeffrey P. Guevin of Otter Creek Law, PLLC, Rutland, for Plaintiff-Appellee.

Geoffrey J. Vitt and Sarah H. Nunan of Vitt & Nunan, PLC, Norwich, for Defendant-Appellant.


PRESENT: Reiber, C.J., Eaton, Cohen and Waples, JJ., and Johnson, J. (Ret.),
Specially Assigned

¶ 1.     **COHEN, J.** Defendant Christine Lyon appeals from the trial court's denial of her request for prejudgment interest in an action to partition property she jointly owned with plaintiff Stacey Martin. Defendant argues that prejudgment interest should have been awarded as of right under Vermont Rule of Civil Procedure 54(a), or alternatively as a matter of discretion, because the trial court could reasonably ascertain the time value of defendant's contributions to the property from the evidence submitted at trial. We conclude that the trial court correctly denied prejudgment interest, albeit for a different reason than relied upon by the trial court, and therefore affirm.

¶ 2.     The record reveals the following undisputed facts. Plaintiff and defendant are sisters. They inherited the family residence as tenants in common in 2019 upon the death of their

father. Neither sister had ever lived on the property. Their mother lived on the property until her death in 2022, at which point the sisters agreed to prepare the property for sale. The sisters decided to restore the property before selling and began maintenance and improvement projects on the house. They agreed that defendant would perform most of the labor to save money.

¶ 3. The sisters' relationship soon deteriorated and in September 2022, plaintiff filed a complaint seeking partition of the property under 12 V.S.A. § 5161. Defendant filed an answer and a counterclaim for partition demanding (1) that plaintiff pay for half of the contributions that defendant made to the property from February 2019 to August 2019 and October 2020 to the time of filing, and (2) that the property be assigned to defendant pursuant to 12 V.S.A. § 5174. Defendant requested prejudgment interest for her contributions to the property.

¶ 4. The parties agreed that the fair market value of the property at the time of the partition was $410,000 with a remaining mortgage of $130,000, resulting in $280,000 in shared equity between the two parties. They further agreed that the property was unable to be physically divided without great inconvenience and that defendant should take assignment of the property. The parties also agreed that the appointment of commissioners to oversee the partition was unnecessary.

¶ 5. The trial court held a one-day bench trial, after which it issued written factual findings and conclusions of law. The court calculated the amounts the parties each paid toward the mortgage, property taxes, insurance, utilities—including internet and telephone—and agreed-upon maintenance and improvements, as well as the value, or "sweat equity," of defendant's labor on the property. The court did not include the time defendant spent managing projects and hiring help in the "sweat equity" calculation, but it did credit some of the hours defendant claimed to have spent performing lawn maintenance, snowplowing, household repairs, and accounting and

2

bookkeeping.[1]  The court did not include defendant's discretionary improvements to the property in its calculations due to lack of evidence that the improvements increased the fair market value of the property.

¶ 6.    After crediting each party for their contributions, the court concluded that defendant's share of the equity in the property was $187,450.  The court denied defendant's request for prejudgment interest, concluding that the expenses were not reasonably ascertainable because they were not supported by the evidence presented.  The court explained that the parties' dispute reached beyond the scope of the partition action and included many disagreements over other shared assets and expenditures that made it difficult for the court to determine the due dates for various payments, which the court would need to award prejudgment interest.[2]

¶ 7.    In January 2024, the court issued a final judgment ordering defendant to take assignment of the property by quitclaim deed in exchange for a $92,550 payment to plaintiff for plaintiff's share of the property.  If defendant chose not to take assignment, the court ordered the property to be sold with the net proceeds of the sale allocated between defendant and plaintiff, with 67% for defendant and 33% for plaintiff.  Defendant appealed the court's denial of prejudgment interest to this Court.

¶ 8.    This Court has not previously determined whether prejudgment interest is available for partition awards.[3]  This is a question of law that we review de novo.  Currie v. Jané, 2014 VT 106, ¶ 19, 197 Vt. 599, 109 A.3d 876.  We may affirm a decision on grounds not used by the trial

---

[1]  Defendant disputes the trial court's calculations of "sweat equity" in her brief but does not argue that the alleged errors are grounds for reversal.

[2]  The sisters inherited two other properties, shared the costs of their mother's end-of-life care, shared in the administration of their father's estate, and had other disputes about sources of funding for the projects at the property at issue and other properties.

[3]  The trial court did not directly address this question, instead denying prejudgment interest because it concluded that the amount of interest was not readily ascertainable.  As discussed below, we conclude that prejudgment interest is not available in a partition award.

court, so long as the "record before us discloses any legal ground which would justify the result." Hous. Our Seniors in Vt. Inc. v. Agency of Com. & Cmty. Dev., 2024 VT 12, ¶ 10, __ Vt. __, 315 A.3d 1000 (quotation omitted).

¶ 9. On appeal, defendant first argues that prejudgment interest should have been awarded as of right pursuant to Rule 54(a) to make defendant whole. Defendant argues that the credits awarded for her contributions to the property are "monetary relief" and not damages, such that she is entitled to interest on those amounts under Rule 54(a). Defendant asserts that the trial court erred when it treated prejudgment interest as a discretionary decision rather than a requirement because the contributions were liquidated or reasonably ascertainable here. See D'Arc Turcotte v. Estate of LaRose, 153 Vt. 196, 199-200, 569 A.2d 1086, 1088 (1989). Defendant alternatively argues that even if prejudgment interest was only available as a matter of discretion, the trial court should have exercised that discretion to award interest for the amounts that were ascertainable, such as the mortgage, tax, insurance, and utility payments. We conclude that the trial court correctly denied defendant's request because prejudgment interest is not available either as a matter of right or as a matter of discretion for partition awards.

¶ 10. Prejudgment interest is granted pursuant to Rule 54(a), which states, "in an action where monetary relief is awarded, the amount of the judgment shall include the principal amount found to be due, all interest accrued on that amount up to and including the date of entry of judgment, and all costs allowed to the prevailing party." V.R.C.P. 54(a). There are two kinds of prejudgment interest: "[i]nterest expressly provided for in a contract or note, which is recoverable as an element of the indebtedness sued upon," and "[i]nterest awarded as damages for detention of money due for breach or default." Reporter's Notes—1981 Amendment, V.R.C.P. 54. The latter type of interest "is awarded as of right when the principal sum recovered is liquidated or capable of ready ascertainment and may be awarded in the court's discretion for other forms of damage." Id.

¶ 11.   We use "monetary relief" and "damages" synonymously to mean an award of money paid as compensation for an injury or loss.  See Monetary relief, Black's Law Dictionary (12th ed. 2024) (defining "monetary relief" as "a court's award of damages"); see e.g., In re Town Highway No. 20, 2012 VT 17, ¶¶ 36-37, 191 Vt. 231, 45 A.3d 54 (using the two terms interchangeably).  Because monetary relief and damages are the same, Rule 54(a) requires an award of damages to trigger the award of prejudgment interest.  See, e.g., Smedberg v. Detlef's Custodial Service, Inc., 2007 VT 99, ¶¶ 37-29, 182 Vt. 349, 940 A.2d 674 (affirming award of prejudgment interest on medical damages and lost wages in slip-and-fall case); Agency of Nat. Res. v. Glens Falls Ins., 169 Vt. 426, 435, 736 A.2d 768, 774 (1999) (holding that prejudgment interest is awarded as damages "for detention of money due for breach or default" (quotation omitted)).  The court did not award defendant damages when it accounted for her contributions to the property in calculating her equity share of the property subject to partition.

¶ 12.   Partition is both an action at law and an equitable remedy emerging from common law.  Wynkoop v. Stratthaus, 2016 VT 5, ¶ 17, 201 Vt. 158, 136 A.3d 1180.  Section 5161 of Title 12 allows for partition of a property held by tenants in common.  Cotenants have the right to assignment of the property to one party when a physical partition would be a great inconvenience, provided that the party "pays to the other party such sum of money, at such times and in such manner as" the court deems equitable.  12 V.S.A. § 5174; see 12 V.S.A. § 5169(b) (providing that parties may waive the use of commissioners and have the court decide the issues in a bench trial).  We have stated that, "[a]bsent a compelling alternative approach," courts should consider the following factors to determine an equitable distribution of the parties' share in a property:

> First, the court may determine the contributions of each party towards the actual expenses of the house, including mortgage, insurance, taxes, utilities, repairs, and improvements.  These contributions can credit a party for payment of other expenses, but only where, by agreement with the other cotenants, the claiming party paid more than its pro-rata share of such other expenses in lieu of a pro-rata contribution to its shared obligation on the real property

> bills. Second, the court should credit against contribution claims a rental value offset for any period of exclusion of a party ousted from the premises by the cotenants in possession. The court should next consider other equities cognizable in partition and then any allocation of costs and fees arising from partition.

Whippie v. O'Connor, 2010 VT 32, ¶ 15, 187 Vt. 523, 996 A.2d 1154 (emphasis omitted) (footnote omitted).

¶ 13.    Nowhere among these factors do we mention prejudgment interest, nor is interest included as another equity cognizable in partition because the sum of money credited to a party under § 5174 does not qualify as damages. Rather, it is an alternative form of partition when the property at issue cannot be easily split into parts—an equitable remedy. In the present case, the credits for defendant's contributions are part of the distribution of equity in the property—defendant was credited what she was owed by plaintiff from defendant's contributions—analogous to the physical partition of the property. See Wynkoop, 2016 VT 5, ¶ 42.

¶ 14.    Moreover, damages are typically awarded as relief from injury or loss. See Brueckner v. Norwich Univ., 169 Vt. 118, 127-29, 730 A.2d 1086, 1093-94 (1999) (affirming award of actual damages for tort claims alleged); Vermont Elec. Supply Co. v. Andrus, 135 Vt. 190, 192, 373 A.2d 531, 532 (1977) (affirming award of damages for breach of employment-related contract but reversing the trial court's calculations). Neither injury to a party nor a showing of monetary loss is an element of a partition action. Rather, partition is a right held by all cotenants to a jointly owned property, which they may exercise pursuant to 12 V.S.A. § 5161 at any time. Therefore, partition awards do not trigger prejudgment interest.

¶ 15.    Plaintiff, and defendant in her counterclaim, filed for partition. Neither party stated a claim of injury for which damages would be a remedy. While defendant claims that plaintiff's untimely payments for her share of the expenses harmed her by depriving her of the time value of her money, damages for such harm are not an available remedy at law under the partition statute.

Instead, the remedies are partition in kind, assignment and a buy-out of the other party, or sale. See 12 V.S.A. §§ 5161, 5174-5175.

¶ 16. None of the cases cited by defendant from this or other jurisdictions supports her claim for prejudgment interest in this partition case. All the Vermont cases involve tort actions or contract disputes. See, e.g., D'Arc Turcotte, 153 Vt. at 200, 569 A.2d at 1088 (holding that prejudgment interest is awarded as a matter of right in a tort action for compensatory damages); Union School Dist. No. 45 v. Wright & Morrisey, Inc., 2007 VT 129, ¶ 15, 183 Vt. 555, 945 A.2d 348 (mem.) (reversing trial court's decision to deny prejudgment interest in a contract dispute). This is unsurprising, because tort and contract cases are actions for damages in which prejudgment interest may ordinarily be awarded. See Reporter's Notes—1981 Amendment, V.R.C.P. 54 (noting that prejudgment interest is awarded as of right, or by discretion, when expressly provided for in contract or as damages for money owed to the other party from breach or default). The instant matter does not involve a tort, a failure to perform a contract, or some other breach or default, and so prejudgment interest is not available to defendant.

¶ 17. The decisions cited by defendant from other jurisdictions are likewise unavailing. Some of the decisions are from states where there is a statutory provision requiring prejudgment interest in partition actions, which Vermont does not have. See Osgood v. Osgood, 1997 ME 192, ¶ 8, 698 A.2d 1071, 1073 (quoting 14 M.R.S.A. § 1602(1) (1996) (repealed 2003) which mandated prejudgment interest in all civil actions); Hofmann v. von Wirth, 907 P.2d 454, 455 n.2 (Alaska 1995) (noting A.S. § 09.30.070 encompasses personal injury, death, and property damage cases and A.S. § 45.45.10 encompasses all other cases for prejudgment interest). Examples from states with statutes allowing prejudgment interest in partition cases are unpersuasive given the lack of such direction from our Legislature.

¶ 18. The other out-of-state cases that defendant cites allowed prejudgment interest for partition awards with little to no discussion as to why it was awarded or recognized. See Keenan

7

v. Wade, 182 P.3d 1099, 1109-10 (Alaska 2008) (affirming trial court's calculations for owelty but not addressing the inclusion of prejudgment interest); Jamison v. Jamison, 79 Cal. Rptr. 3d 561, 567 (Ct. App. 2008) (noting without discussion that prejudgment interest would be awarded for contributions in a partition if the damages were "certain"); see also Silva v. Fitzpatrick, 913 A.2d 1060, 1063-64 (R.I. 2007) (declining to address the issue of prejudgment interest in a partition action because the argument was not appropriately before the court). Therefore, we find them unpersuasive.

¶ 19. Defendant argues that when faced with a partition action, trial courts must be flexible and balance the equitable procedures to reach a just result, including filling the gaps in the statute to make a party whole. See Wynkoop, 2016 VT 5, ¶ 20. We conclude, however, that prejudgment interest is not a remedy available to the court in fashioning a partition award. We have recognized that the passage of time may impede a court's ability to achieve a perfectly fair result in partition actions, id. ¶ 22 n.9, and yet we have never suggested that prejudgment interest is required to create a just partition. See e.g., id. ¶¶ 27-39; Currie, 2014 VT 106, ¶¶ 27-29; Whippie, 2010 VT 32, ¶¶ 16-18. Allowing defendant to recoup the time value of her monetary contributions in prejudgment interest would effectively give defendant more than her fair share of the equity in the property. We therefore hold the court correctly denied prejudgment interest.

Affirmed.

FOR THE COURT:

_____

Associate Justice

8